### BAUDIN *vs.* CONWAY ET AL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT,
THE JUDGE OF THE DISTRICT PRESIDING.

In a case involving accounts of forty years standing, the verdict of a jury
has less weight than in other cases; because it requires operations not easily
performed in a court or jury room.

The executor cannot prove that a receipt of the plaintiff for payments
made by the deceased, as attorney for the defendants, embraced a larger sum
than was actually paid—this would be proving a negative. Nor can he sup-
port his testimony by an account between the plaintiff and the deceased;
for the defendants are no party to it.

Interest cannot be allowed on a judgment given for the balance of an ac-
count between the parties, where payments have been made for costs, and
on other accounts.

This suit has been of long standing, and embraces a vari-
ety of money transactions, which cannot be explained in de-
tail; nor would it afford any useful information to do so.
All the facts necessary to a full understanding of the case, are
stated in the opinion of the court.

*Moreau Lislet,* for the plaintiff and appellant.

*Martin, J.* delivered the opinion of the court.

The heirs sued for a balance due by their ancestor, who
was surety of Pollock, the plaintiff's original debtor; contend-
ed their ancestor had paid more than he owed, and set up a

demand in reconvention.    They had judgment, and the plain-
tiff appealed.

The case was tried by a jury, who had to examine trans-
actions of about forty years standing.    In a case like this,
their conclusions have less weight than in others, because it
requires operations not easily performed in the court, or in the
jury room.

It has appeared to us, the plaintiff has clearly shewn his
claim, by a judgment against Pollock, made executory
against the surety, for twenty thousand one hundred and eigh-
teen dollars twenty-two cents; and for costs against the prin-
cipal and surety, two thousand one hundred and thirteen dol-
lars eighty-seven and a half cents, being  twenty-two thou-
sand two hundred and thirty-two dollars.

The defendants have produced the plaintiff's, for fifteen
thousand eight hundred and fifteen dollars.

The plaintiff's receipt to  D.  Clark, their attorney, one
thousand eight hundred and forty dollars, sixty-two and a
half cents.

They claim credits for the proceeds of a tract of land,
of Pollock, sold by plaintiff's, four thousand and three dollars,
and fifteen cents, being twenty-one thousand six hundred and
fifty-eight dollars, seventy-seven and a half cents.

Leaving a balance due to the plaintiff, of five hundred and
seventy-three dollars, twenty-three cents.

The plaintiff's counsel has attempted to reduce the credit,
claimed on the receipt to Clark,  by the deposition of the ex-
ecutor of the latter, who deposes, that the whole sum, men-
tioned in the receipts, was not paid—and the deposition is at-
tempted to be supported by an account current, between Clark
and the defendants, in which they are debited for a less sum;
but this cannot be admitted; the executor could not prove a
negative, and the account current affords no evidence against
the plaintiff, who was not a party thereto.

The plaintiff has claimed interest on his judgment, and dis-
bursements for costs.  This has appeared to us inadmissable

Eastern   District,
    June   1831.

BAUDIN
vs.
CONWAY ET AL.

In a case involv-
ing  accounts  of
forty  years stand-
ing,  the verdict of
a  jury  has  less
weight than in oth-
er  cases;  because
it requires opera-
tions   not  easily
performed  in   a
court or jury room.
The executor can-
not prove, that a
receipt of the plain
tiff  for  payments
made  by  the de-
ceased, as attorney
for the defendants,
embraced  a  larger
sum than was ac-
tually   paid—this
would be proving a
negative.  Nor can
he support his tes-
timony by an ac-
count between the
plaintiff  and  the
deceased,  for  the
defendants are no
party to it.

Interest  cannot
be  allowed  in  a
judgment given for
the balance of an
account   between
the parties,  where
payments    have
been    made   for
costs,  and on oth-
er accounts

Eastern District,
June 1831.

BAUDIN
*vs*
CONWAY ET AL.

In the case of Saundres *vs.* Taylor, 7 *Matrin*, *N. S.* 14., we reversed a judgment of the parish court, which allowed interest on a judgment—no law existing for such an allowance.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be annulled, avoided, and reversed, and that there be judgment for the plaintiff for the sum of five hundred and seventy-three dollars and twenty-three cents, with costs in both courts.