## JANES *vs.* RICHARD.

**APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE SECOND PRESIDING.**

An answer cannot be amended, after the rendition of judgment.

The court can only confirm or reject the award entirely, unless an appeal be taken from the decision of the arbitrators.

Trying a cause, on a day different from that set for trial, is not *per se,* such an irregularity as calls for a reversal of the judgment. It is only where it furnishes grounds to believe, that the parties were not heard, that such a consequence follows.

The court cannot decree interest, unless it be given by the award.

The facts are fully stated in the opinion of the court, delivered by *Porter, J.*

This action was brought to have an award of amicable compounders homologated. The decree affirms, that a certain sum is due by the defendant, payable in 1833, and that, on

the other hand, the plaintiff owes the defendant, and that the debt was then due. The answer to the petition, admits the allegations therein contained, and assents to the award being confirmed. The judge decreed, as the parties desired, with the exception of a slight error, in relation to interest, which will be hereafter noticed.

EASTERN DIST.
March, 1832.

JANES
vs.
RICHARD.

The plaintiff, between the rendition of the award, and the day of its homologation in court, had paid, as he affirms, a large proportion, if not the whole, of the money which it had adjudged to the defendant. After the judgment of the court was rendered, the plaintiff became alarmed, lest he should not obtain credit for these payments. And he applied for leave to amend his answer.

The court very properly refused him permission to do so, as judgment was already rendered. He also moved for a new trial, and supported his application by an affidavit, in which he stated, that one of his counsel (Mr. Janes,) had informed him, it was not necessary to plead these payments in discharge of the award. But, that his other counsel, Mr. Burk, had since stated to him, it was requisite he should do so. The court refused the trial, and the plaintiff appealed.

*An answer cannot be amended after the rendition of judgment.*

The gentleman, who has argued his case, has very properly refrained from urging these matters on us. The attempt to amend the pleadings, after judgment was rendered, is of the first impression. And the fear, that the plaintiff would be precluded from payments made subsequent to the award, was altogether unfounded.

The duty of the court, was to confirm the award. It possessed no other authority over it, unless an appeal had been taken from the decree of the arbitrators. If its judgment went further, there might be ground for modifying or correcting it. But as the award was confirmed by the judge below, his decree related back to the time at which it was rendered, and payments made subsequently, could be used against the execution which issued on it. The offering of these payments to the court below, supposed a power in it to allow them, and to render judgment accordingly. This it had no power to do.

*The court can only confirm or reject the award entirely, unless an appeal be taken from the decision of the arbitrators.*

It could only affirm the decree or reject it entirely, unless an appeal had been taken. *Louisiana Code*, 3096.

It is contended, the judgment should be reversed, because the cause was set for trial on the tenth, and judgment was given on the eleventh.

Trying a cause on a day different from that set for trial is not, *per se*, such an irregularity as calls for the reversal of the judgment. It is only when it furnishes ground to believe, the parties were not heard, that such a consequence follows. In this case, from the pleadings and the whole proceedings, we have every reason to conclude, the trial took place on the eleventh, by the consent of parties. The plaintiff, in his application for a new trial, does not allege as a ground, why it should be granted, that he had not an opportunity of making a defence. Had such a cause really existed, we cannot presume, it would not have been then put forward.

But the court below, committed an error in decreeing, that interest should be paid on the sum due to the plaintiff. The award does not give it, and the court had no power to change, or in any respect modify, the decision of the arbitrators.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the award of the arbitrators be approved. The appellee to pay the costs of this appeal. Those of the court below, to be paid by the plaintiff and defendant.