Mobphy, J.
delivered the opinion of the court.
The object of this suit is to obtain tho erasure from the registry of mortgages of a recorded lien resulting from a building contract entered into between plaintiff and Twogood. The petition sets forth that Twogood undertook to build a house for plaintiff for the sum of $7000, to be delivered on the 1st of April, 1838; that the house was not delivered at the stipulated period, and that the materials and workmanship were so defective that when the objections to the same were submitted to arbitrators chosen by mutual consent, a deduction of $827 was made from the price originally agreed upon; that plaintiff has paid to Twogood at different times $4243 32, on account of said building; that Twogood about that time became indebted unto plaintiff in the sum of $2100 for a judgment obtained against him, and owes moreover to plaintiff $227 for house rent, for not delivering the building at the stipulated time; that the sums thus paid by plaintiff or due to him hy Twogood exceed $7000; that after all his claims under the building contract were thus extinguished by payment or compensation, Twogood, with a view to take ari illegal advantage over plaintiff, made a simulated assignment of his contract to his co-defendant, Grossman, who combined and connived with him for the purpose of injuring the plaintiff; that although the defendants well knew that nothing remains due by plaintiff under the contract, they illegally and tortiously refuse to cancel and annul the lien resulting from it to the great injury and damage of plaintiff; the petition concludes with a prayer for damages and for the erasure of the inscription taken by Twogood on the house. [416] Grossman alone answered, averring that for a just and legal consideration, Twogood did assign to him the contraot made with plaintiff; that allowing all just and reasonable deductions there remained yet due on said contraot *620 $8000, which he claimed in reconvention. There was judgment below in favor of plaintiff, and Grossman appealed.
There is an admission on the record that if Grossman is entitled to recover, the amount cannot exceed $1778. The sole question then for our decision is, whether this balance due on the building contract was not extinguished and compensated by the judgment of $2100 obtained against Twogood. The assignment of the latter to Grossman was executed on the 8th of March, 1838, and notified to the plaintiff on the 16th of April following. It is clear that until such notification took place, Twogood continued to bo the creditor of plaintiff for $1778; and that this claim was subject to be extinguished by compensation, in case the plaintiff became Twogood’s creditor to an equal amount. Pothier, Traité des Obligations, vol. 2, Ho. 596.
The evidence shows that the suit in which the plaintiff obtained his judgment against Twogood, commenced in October, 1837; that on the 17th of March, 1888, amicable compounders appointed by the parties rendered an award in favor of plaintiff for $2100; and that this award was homologated and made the judgment of the court on the 18th of April following. It is contended by the appellant that no compensation could take place because the judgment against Twogood was rendered only two days after notice of the assignment was given to plaintiff. This argument assumes that the indebtedness of Twogood to plaintiff arose out of the judgment itself, and did not exist before its rendition. A judgment does not create the indebtedness of a party; it only declares it to exist, fixes its amount and secures to the suitor the means of enforcing payment. But in this case, moreover, the judgment rendered on [417] the 18th of April was only a decree confirming the award in favor of plaintiff, made on the 17th of March preceding. It was this decision which liquidated the rights of plaintiff and fixed the extent of Twogood’s indebtedness to him; it was final between the parties and could not be modified by the court. La. Oode, arts. 3096, 3077. The plaintiff then became the creditor of Two-good for $2100, before receiving notice of the assignment to Grossman; and the claim of $1778 yet due under the contract was extinguished by compensation. La. Oode, 2200.
The judgment of the district court is therefore affirmed, with costs.