THE CHURCH OF ST. PATRICK v. CHARLES BINGLEY DAKIN
and another.

Arbitrators must determine as judges, agreeably to law.

An award must decide the whole matter submitted, and not go beyond the submission. It must be certain, final, and conclusive, leaving no matter of fact or law undecided.

Every fact and question must be so presented by an award, as to enable the court to act on the award itself, and to execute it as a whole ; though the mere omission to determine an exact sum will not annul it, where the arbitrators have given the necessary information to enable the court to fix the amount without going out of the award itself.

The provision of art. 3096 of the Civil Code, that an award, in order to be executed, must be approved by the judge, is only intended to invest it with sufficient authority to insure its execution, and not to submit its merits to the examination of the judge, which can only be done by appeal.

APPEAL from the Commercial Court of New Orleans, *Watts, J. Larue,* for the plaintiffs.

*J. W. Smith,* for the appellants, contended that the award must be set aside as uncertain, and not determining all the matters embraced in the submission. 3 Pandectes de Pothier, p. 436, No. 12. Ib., p. 442, Nos. 18, 20. Ib., p. 452, No. 33. Ib., p. 468, No. 47. 1 Vinnius ad Pandectas, p. 264, No. 18. 1 Rolle's Abridgment, Arbitrament, H., 14, 27, 29, fol. 251. Ib., Q., 1, fol. 263. 3 Viner's Abridg., pp. 64, 67, 97. 2 Petersdorff's Abridg., p. 165, Nos. 1, 3, *and note.* Ib., p. 171, *n.* Caldwell on Arbitration, 107, 115. *Waite* v. *Barry,* 12. Wendell, 380. - *Thomas* v. *Molier,* 3 Ohio Rep., 267. 2 Harrison's Rep., 507. 1 Pike's Rep., 206. Watson on Awards, 115.

GARLAND, J. In the month of June, 1838, the plaintiffs entered into a contract with the defendants, by which the latter undertook, for the sum of $115,000, to construct and complete the building known as St. Patrick's Church, in this city, upon certain terms and conditions. The contract, among various other stipulations, says :

'It is furthermore agreed, that if any difficulty shall occur between the aforesaid parties, growing out of the works herein specified, which they, the said parties, cannot settle amicably between themselves, then and in that case, the subject or matter in dispute

shall be referred to three or five disinterested persons, to be chosen by the said parties in the usual manner, who shall be fully competent and qualified to judge and decide upon all questions and matters arising out of the erection of said building and works; the decision of which said persons, chosen as aforesaid, shall to all intents and purposes, be final and binding in the premises, without any appeal therefrom whatsoever.'

' It is also agreed and understood, that any and all contentions or matters of difference whatsoever, arising in the premises, shall be settled and adjusted in the manner above mentioned, and that in no case shall the aforesaid parties be permitted to have recourse or appeal to any court of justice for the settlement of any such contentions or differences.'

In the execution of the contract various disagreements arose between the trustees and contractors, although the superintendence of the work was confided to a building committee named by the plaintiffs at the time of making the contract, which differences, it was agreed should be submitted, in conformity to the contract, to arbitrators. On the 23d of August, 1839, a bond was signed by the parties, in which, after reciting the terms of the contract, it is said: ' *now as differences have arisen between the said board of trustees and the said firm of Dakin & Dakin, they hereby agree to submit all such difficulties, and contentions, and matters of difference whatsoever, arising in the premises,*' to five persons, ' the decision of which five persons, shall to all intents and purposes, be final and binding in the premises, without any appeal therefrom.'

Under this submission, the parties appeared before the arbitrators, and on the part of the plaintiffs, it was alleged :

1. That the defendants had violated the contract, by failing to comply with its specifications. 2. That they had failed to place bond timbers in the walls, under all the openings, to prevent cracks and equalize the settling of the building. 3. That they had failed to bind the buttresses to the walls with suitable timbers, as agreed on, to prevent them from cracking off, from the main walls. 4. That they had not put in the window frames, and completed the wood work as the walls were put up, whereby they were weakened. 5. That the walls had cracked, and the work was executed in an inferior manner. 6. The plaintiffs ask that the whole contract be

annulled and damages awarded them, it being impossible, from the hostility of the undertakers, to finish the church under their super-intendence.

What the precise propositions submitted by the defendants to the arbitrators were, does not distinctly appear, but it seems that they objected to the submission of the question, of annulling the contract on the ground of the alleged hostility of the parties.

The arbitrators, after an examination of some testimony, of the contract, and the building, decided :

1. That the defendants had violated their contract by omitting to place bond timbers in the walls, as required, in consequence of which they were weakened and otherwise injured.

2. That as the contract required the inside of the walls to be framed and battened out for lath-work, the said arbitrators were of opinion that wall´ strips should have been put in the wall as it went up, as attempts to nail on or attach pieces for the purpose would weaken the walls.

The arbitrators then proceed to specify various remedies for the defects in the work, and conclude :

3. ' That as it appears from some misunderstanding between the parties, feelings of a hostile nature have arisen between them, which must inevitably prevent them from proceeding together in the further progress of the building, with that degree of harmony which should exist between parties so connected, it is, in our opinion, much better for both parties, that the contract between them be now annulled ; but in doing this a sufficient recompense should be made to Messrs. Dakin & Dakin for their plans, and for the trouble they have had in conducting the progress of the building thus far, making due allowance, however, for the damages to which they have subjected themselves, by the aforesaid omissions,'

They therefore decree that the contract be annulled, that Dakin & Dakin have $5000 for their plans of the building, and that they pay $5000 damages to the plaintiffs. They further decree that the trustees, as a compensation to defendants for their labor and trouble, ' shall allow them eight per cent upon the amount of money already expended upon the building, over and above the actual cost expended thereon, such cost to be ascertained by proper vouchers, or bills and receipts furnished therefor.' All contracts made by Da-

kin & Dakin, previous to the submission, for labor or materials, to be assumed by the trustees, who are also to pay for all materials upon the premises. They conclude by saying that if, upon the settlement of the said accounts, Dakin & Dakin shall be indebted to the trustees, the amount shall be deducted from the price of the drawings before mentioned.

In this situation the award leaves the parties. The trustees file it with the notary, in whose custody the original contract is, and upon a certified copy, and an account, stated by themselves, showing a balance of $1807 60 against the defendants, they commence this suit, praying that the said defendants be compelled to comply with said award, that it be approved and confirmed, and its execution decreed and enforced. To this the defendants object, on a variety of grounds, among others:

1. That the award is null, because the arbitrators exceeded their powers, and passed on matters not submitted to them, and particularly in annulling the contract.

2. The award is void for uncertainty, inasmuch as it does not enable the court to give any judgment or decree for the payment of any specific sum to either party.

3. That it is not a final settlement and adjustment of all the accounts and matters in controversy between the parties, which were referred to the arbitrators.

The other objections taken by the defendants, it is not now necessary to notice; nor is it material, in the view we have taken of the case, to decide upon the bills of exceptions taken by both parties.

The judge of the Commercial Court heard the testimony offered by both parties, and after a learned opinion gave a judgment homologating and confirming the award, and decreeing 'that either party be at liberty to apply to the court to take steps to fix:

' 1. The value of the materials on the premises at the time of the award.

' 2. The amount on which defendants are to be allowed their compensation of eight per cent on monies expended.

' 3. The contracts made by defendants with third persons, which are to be assumed by plaintiffs.

' 4. For process to carry the award, and judgment of the court

on the award, and on the matters aforesaid into execution; and that each party pay one half the costs.'

From this decree, which both parties say is final, the defendants have appealed. We have looked at it most attentively, and taken something more than the usual time for reflection upon it, but have to confess our inability of seeing what .either party has gained, or what advance has been made towards the adjustment of the accounts between them, and the ascertaining on which side the balance is, After a long investigation by the arbitrators, and a severely contested trial in the inferior court, the result seems to be, that either party may take such measures as they wish to ascertain the state of their accounts, and find out which is in debt to the other. In other words, they can as soon as they please, involve themselves deeper in litigation. Neither the award nor judgment has terminated their difficulties, nor does the latter supply the omissions of the former in any manner.

The judge of the Commercial Court has, in the course of his opinion, stated with much force many of the legal principles which regulate awards of arbitrators, but we differ from him very widely in their application. He admits very candidly that if those principles are to govern, that a judgment should be given for the defendants; but he disregards the decisions of the Supreme Court of the United States, and what we believe to be the law of this state, and goes to Bacon and Rolle for authority to sustain his opinion.

It was clearly the intention of the parties in this case, to submit their difficulties to the persons named as arbitrators and not as amicable compounders, no special authority as such being given in the submission. 7 La. 476. They had therefore to determine as judges, agreeably to law. Civ. Code art. 3077. And the object of the litigating parties being a final settlement of their difficulties under the contract, it was the duty of the arbitrators to have brought it to a conclusion, and by their award to have fixed the amount one was owing the other, or to have given some certain data upon which a calculation of the amount could be made. We concur most fully in the opinion given by Judge Marshall in the case of *Carnachan*, &c. v. *Christie*, &c., 11 Wheaton, 446 , in which he says an award must decide the whole matter submitted, and must not go beyond the matter comprehended in the submission ;

it must be certain, final and conclusive, and leave no matter of fact or law undecided. The art. 3096 of the Code says, that the award in order to be put in execution, ought to be approved by the judge; but this formality is only intended to invest the award with sufficient authority to insure its execution, and not to submit to the judge the examination of its merits, except in case of appeal. This principle was acted on in the case of *Janes* v. *Richard.* 3 La. 486.

When parties choose to submit their differences to arbitrators, we are disposed to give all possible effect to their decision, but the courts are not to become mere auxiliaries, to supply their defects and omissions. Every fact and question must be so presented as to enable the court to act on the award itself, and execute it as a whole, unless called on by an appeal to correct it. The mere omission of an exact sum would not perhaps annul an award, if the arbitrators had given the necessary information to enable the court to fix it, without going out of the award. Civ. Code art. 3094.

In this case, we think that the arbitrators exceeded their authority, in annulling the contract between the parties. By referring to it, we see that the difficulties intended to be submitted to arbitrators, were such as should be 'growing out of the works herein specified,' which they cannot settle, also such 'contentions or matters of difference' as may arise in the premises. Nearly the same words are used in the bond signed by the parties. When before the arbitrators, under the general clause contained in the submission, the defendants objected to the contract being annulled, or to that question being considered; and a reference to the first *projet* of a submission shows that that question was proposed to be submitted, and declined.

The award is in itself so uncertain, that we do not see what judgment we could give on it that could be executed, and we must disregard it entirely, leaving the parties to exercise their rights under the contract.

The judgment of the Commercial Court is therefore reversed, and ours is in favor of the defendants as in case of non-suit; the plaintiffs paying costs in both courts.