15  679
e113 838

## Thomas Peniston *v.* J. A. Somers.

An award of arbitrators, when acquiesced in by both parties, has, as to them, the effect of a final judgment.

A direct action of nullity is the only remedy to correct an error in an award of arbitrators once acquiesced in by the parties.

A judgment must be construed with reference to the pleadings, and, when it admits of two constructions, that one will be adopted which is consonant with the judgment which should have been rendered on the facts and law of the case.

Where there is a reconventional demand, and both parties to the suit are cast, each must pay the costs of his own pleadings.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*Durant & Hornor*, for plaintiff and appellant. *C. A. Taylor*, for defendant.

PENISTON
v.
SOMERS.

DUFFEL, J. On the 1st of January, 1855, the plaintiff and defendant formed a partnership to carry on an apothecary and drug store in New Orleans, for a term of five years, with the understanding that, in case of any disagreement between them, " the matters in dispute " should be referred to arbitrators, whose decision shall be final.

The parties mutually admit that, in consequence of a disagreement between them, all the transactions of their partnership were by them submitted to arbitrators for a settlement, on the 1st of January, 1858 ; that the award was closed on the 5th of April, 1858, and concluded as follows : " and as *Mr. Somers* is now in possession, and has devoted his time wholly to the concern, it shall be optional with him to retain the said store, with all its rights, contents and privileges, upon his paying to the said *Dr. Peniston* the before mentioned sum of $2,165 32, or to give up to the said *Peniston* the store with all the rights, contents and privileges, upon receiving from said *Peniston* the before mentioned sum of $2,519 88. In either case, all transactions subsequent to the 1st of January, 1858, must be settled in conformity with the entries on the books of the concern."

It is further admitted on both sides, that the defendant did pay to plaintiff the amount awarded to him, say $2,165 32. But the plaintiff, conceiving that he had, under the last clause of the award, the right to claim his share of the sales of the drugs from the 1st of January, to the 5th of April, 1858, instituted this action for a final settlement.

The defendant contends, on his part, that the affairs of the firm were settled by the award, and that the partnership was thereby put at an end ; he further alleges error in the award, to his prejudice, to the amount of $803 63, which he pleads in reconvention.

The District Judge re-opened the whole transactions between the partners, appointed auditors, and, on a rule to show cause, rendered judgment in accordance with the report of the experts, condemning the plaintiff to pay to the defendant the sum of $814 83.

The plaintiff appealed.

We will not note particularly the bills of exceptions taken by the plaintiff, nor the various grounds of opposition to the report of the experts.

The first award having been rendered, and acquiesced in by both parties, had, as to them, the effect of a final judgment. C. C. 3077, 3096, 3097 ; *Cobb et al.* v. *Parham et al.*, 4 An. 148 ; 3 La. 487 ; C. P. 459, 567.

And it follows from the above, that the only remedy left to the defendant, if any, was by a direct action in nullity. C. P. 607 ; *Norris* v. *Fristoe*, 3 An. 646.

Having thus disposed of the reconventional demand of the defendant, out of its regular and usual place in point of order, we will now proceed to inquire into the right of action of the plaintiff.

A judgment must be construed with reference to the pleadings, and when it admits of two constructions, that one will be adopted which the court should have rendered on the facts and law of the case. *Trépagnier* v. *Williams*, 4 La. 100 ; *Rochelle* v. *Cox*, 5 La. 287:

Now, the question arises, what construction is to be given to the clause " In either case, all transactions subsequent to the 1st of January, 1858, must be settled in conformity with the entries on the books of the concern?" It cannot mean, that an account should be rendered of the sales of the drugs made after the 1st of January, 1858, nor of the claims of the partnership collected after the 1st of January, 1858 ; for the gross amount of the assets of the partnership, which

formed the basis of the award, consisted, in part, of said stock and credits. The only sensible and plausible construction would seem to be, to impose on the plaintiff, should the defendant " retain the said store, with all its rights, contents and privileges," the obligation to account for any portion of the stock, credits, &c., received by him after the 1st of January, 1858, and that a like account should be due by the defendant, did the plaintiff retain the store, &c., according to the terms of the award.

The defendant having paid the amount awarded to the plaintiff, became thereby the sole owner of all the partnership effects, and the partnership, as between the parties, ceased to have any existence.

It is, therefore, ordered, that the judgment of the District Court be reversed; and it is now further ordered and decreed, that the claims of both parties be rejected, the defendant and appellee paying the costs of the appeal, and the plaintiff and appellant those of the lower court.

---

## SAME CASE—ON A RE-HEARING.

DUFFEL, J.   Our attention had not been called to the large amount of costs incurred in the lower court, and to the fact that those costs had been caused principally by the reconventional demand of the defendant.

And, inasmuch as both parties have been cast, we think that justice requires that each party should pay his own costs. See the decree in *Carroll* v. *Harper*, 11 An. 214.

It is, therefore, ordered and decreed, that our former judgment herein be so far amended, as to condemn each party to pay the costs incurred in the lower court by his pleadings.