## No. 8213.

SUCCESSION OF ROBERT ANDERSON. RULE OF C. M. PILCHER, PRESIDENT OF BOARD OF SCHOOL DIRECTORS, VS. R. K. ANDERSON, ADMINISTRATOR.

Interest cannot be collected on a judgment for money, which, by its terms, is silent as to interest.

A judgment is not a debt within the meaning of Article 1938, C. C.

APPEAL from the Parish Court, parish of East Carroll. *DuBose, J.*

### *F. F. Montgomery* for Plaintiff and Appellee:

All debts bear interest at five per cent from maturity, whether expressed or not. R. C. C. 1938; 15 An. 465.

A judgment is a debt, and one of the highest character, and hence should bear interest, whether it is expressed in the judgment or not.

Inasmuch as creditors of successions can only obtain payment after certain delays, interest should be allowed on their claims from the death of the debtor, or from the maturity of the debt. C. P. 959. A judgment creditor forms no exception to this rule.

### *J. M. Kennedy* for Defendant and Appellant:

No interest can be recovered on a judgment which carries none on its face; judgments do not bear interest as a legal right. Succession of Regan, 12 An. 116; *idem*, 112; 7 N. S. 14; 2 L. 512; 3 L. 487.

That the word "debts," as used in Art. 1938 of the R. C. C., does not refer to, nor embrace judgments, because:

First—A judgment neither creates, adds to, nor detracts from a debt. It only declares its existence, that is, the existence of an already subsisting debt, fixes its amount, and provides the means of enforcing its collection. 29 An. 841, Hill & Co. vs. Bourcier et al.; and authorities collated in 1 H. D. 726, No. 8, and in L. D. 335, No. 13.

Second—The language of the article is inconsistent with any other interpretation.

Third—That Arts. 1936, 1938 and 2924 C. C. must be construed together, being laws in *pari materia;* that by these articles there are only two kinds of interest, "conventional and legal;" that "legal" interest is again legal interest proper, or judicial interest; that the interest claimed, if allowable at all, is judicial interest; that judicial interest is "that which is allowed on all sums which is the object of a judicial demand; and that a judgment is not the object of a judicial demand, and, therefore, cannot bear judicial interest; and,

Fourth—Because, to allow interest on a judgment which bears none on its face, would be violative of Art. 157 C. P., a prohibitory law.

That the probate court was without jurisdiction to render a judgment for interest on a judgment which carried none on its face. Con. 1868, Art. 87.

That a sheriff in the execution of a writ must confine himself to the express letter of that writ.

That a judgment rendered without a *contestatio litis*, either express or tacit, is a nullity. 21 An. 461, Brown vs. Brown; *idem.* 665; 7 N. S. 287; 18 An. 187; 19 An. 373.

The opinion of the Court was delivered by

FENNER, J. The only serious question involved in this case is one of law, viz: Whether interest can be collected on a judgment for money, which, by its terms, is silent as to interest.

At common law, judgments did not draw interest.

In some States, statutes have been passed providing that interest should run and be collectible on all judgments for money.

In an action on a judgment rendered by a court of a sister State it is held that interest thereon cannot be recovered in absence of proof of the existence of such statute.

Thompson vs. Monrow, 2 Cal. 99.

The same rule has been applied to judgments rendered by courts of the United States.

Saunders vs. Taylor, 7 N. S. 14.

This doctrine has been repeatedly applied to judgments rendered by courts of this State.

Saul vs. Creditors, 7 N. S. 437.

D'Aquin vs. Cordon, 8 N. S. 608; 2 La. 512; 3 La. 487; 4 An. 6; 12 An. 112, 116.

It is contended, however, that the present article 1938 of the Civil Code is equivalent, in effect, to a statute providing that judgments for money *shall* draw interest irrespective of their terms. That article provides that " all debts shall bear interest, at the rate of five *per cent per annum*, from the time they become due, unless otherwise stipulated."

The equivalency contended for cannot be conceded.

A judgment is not a debt within the meaning of that article. " A judgment neither creates, adds to, nor detracts from a debt. It only declares its existence, fixes its amount, and secures to the creditor the means of enforcing its payment."

18 La. 414; 9 R. 119; 10 Rob. 412, 155; Hill vs. Bourcier, 29 An. 841.

A judgment has been defined to be " the decision or sentence of the law, pronounced by a court of competent jurisdiction upon the matter contained in the record."

Jac. Law Dic., 3 Bla. Com. 395, Tidd's pr. 930.

" The judgment is yea or nay for one party and against the other."

9 Iowa, 114.

It is a *fiat* of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards.

Article 1938 C. C. is a rule of law which, like all other laws, should be observed and enforced by judges in their judgments. But if they neglect or refuse to enforce it, they simply commit error, which can be corrected only in some of the modes pointed out by law. Error in the judgment cannot be remedied by enlarging or restricting the execution thereof.

That, in the view of the law-maker, the article is merely intended as a law to be followed by judges in rendering their judgments, is manifest from the fact that it has been embodied in the Code of Practice, under the rubric " of judgments and costs," Art. 554, which declares that "interest at the rate of five *per cent* shall be allowed on all debts from the time they become due, unless otherwise stipulated." This follows Art. 553, which declares that "interest shall not be allowed by the judgment, unless the same have been expressly claimed."

From these two articles it clearly appears that the question of interest *vel non* is, in all cases, submitted to the judge and is passed on and concluded by his judgment, like all other matters. The reasoning of the court in the case of Saul vs. his Creditors (7 N. S. 437) is, therefore, entirely applicable. We quote: " The judgment is silent about interest, and we are ignorant of any law which makes the interest follow as a consequence of giving judgment *for a debt which would bear it.* * * Had the judgment in express terms rejected interest, there would have been no room for argument that it furnished to the parties opposing the claim the plea of *res judicata* against a second demand. We think there is equally a rejection of the claim, when both principal and interest are demanded, and the former alone is given by the decree." That learned court, in a long and philosophic opinion, enforces the above views by unanswerable arguments and authorities. They are applicable to, and conclusive of, the present case, which is not, in our opinion, affected by statute referred to.

An analogous ruling, equally conclusive, was made in construing article 522 of the Code of Practice, relative to the verdicts of juries; and it was there held that where the verdict of the jury was for a specific sum, without mentioning interest, the court, in rendering judgment, could not give interest.

Cochrane vs. Murphy, 4 An. 6.

The question has arisen, in but one case, since the Act of 1852 (now C. C. 1938) was adopted, and there, on state of case indistinguishable from the present, interest on judgment was disallowed.

Succession of Regan, 12 An. 116.

It is only because the effect of this new statutory provision was not discussed in that decision, that we have felt called on to give our reasons at length.

If the plaintiff in rule is holder of a judgment which unjustly denies to, and withholds from, him, his legal right, it is a misfortune which might have been repaired before that judgment became final, but which is now past remedy.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended so as to strike out the interest allowed upon the principal of the judgment referred to and described therein, and that, as thus amended it be affirmed, appellee paying cost of this appeal.

Rehearing refused.