His Honor, CHARLES P. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
Plaintiff sues on a contract for $150 for repairs made to an automobile, the property of the defendant; he avers that “before the completion of said work said car was taken away leaving an amount of work incompleted of a value and cost of $25; “he prays for judgment for $125, and for recognition of his mechanic’s lien and privilege on the machine. The defendant admitted plaintiff’s allegations and confessed judgment. There was judgment for plaintiff for the amount claimed, but the judgment was silent as to the mechanic’s lien and privilege. This was equivalent to a denial of the privilege.
27 A., 369 (371).
A judgment neither creates, adds to, nor detracts from a debt. So if the nature of the debt creates a privilege or a mortgage under the law, they exist independently of *259 the judgment, even though the plaintiff should omit to pray for them and the judgment fail to recognize them. It is time enough to enquire into their existence when other creditors claim a preference.
7 N. S., 430; 18 La., 416; 9 R., 117, (119); 10 R., 412, (418); 29 A., 841. (845).
But when the plaintiff prays for recognition of a privilege and the judgment is silent in regard to it, it amounts to a denial of it.
27 A., 369 (371).
The plaintiff appeals from the judgment which is silent regarding his privilege and asks that it be recognized by this Court. Under his 'pleadings he is not entitled to a privilege. In-his petition he alleges that he has lost possession of the machine.
Civil Code, 3217 (3184) No. 2, provides:
“The debts which are privileged on certain'movables are the following: 1st. * * * 2nd. The debts of a workman or artisan for the price of his labor, on the'movable which he has repaired or made, if the thing continues still in his possession.”
It will thus be seen that possession is of the essence of the privilege, and that the privilege is lost at the same time as the possession. This was the basis of the opinion in Gayarre vs. Tunnard, 9 A., 254.
To the same effect is No. 3 of Article C. N., 2102; 1 Trop. Priv. Hyp., No. 259, p. 331; 22 Baudry-Lac., p. 447, No. 474, 476; 3 Autory & Rau, No. 256, bis., pp. 11.7, 153; 37 Dallos Rep. Leg., p. 89, No. 319, 322; 1 Persil, p. 138, See also 2 Kent Marg., p. 638 to 640; 20 Am. Eng. Enc. Law, Vo. Mechanics’ Lien, p. 527; 3 Id., Bailments, p. 760; 19 Id., Vo. Liens, p. 1.9.
*260 Opinion and decree, January 17th, 1916.
But inasmuch as the circumstances under which the car was taken out of the possession of plaintiff may preserve his privilege, we will reserve his rights to show them in case of conflict with other creditors of the defendant.
It is therefore ordered that the judgment of the lower Court he affirmed, reserving to the plaintiff the right to show under what circumstances the car was taken out of his possession, and to claim a privilege if such circumstances did not deprive him of it. Appellant to pay the costs of appeal.
Judgment amended and affirmed.