CHASEZ, Judge.
This suit for property damages arose from an intersectional collision which occurred December 5, 1968 at the junction of Belle Chasse Highway and Belle Meade Road. Judgment was rendered for plaintiff in the sum of Four Hundred Eighty Five and 92/100 ($485.92) Dollars and defendant, Mrs. Frances J. Smith appealed.
The intersection is a “T” formation, Belle Chasse Highway running generally in a north-south direction and Belle Meade Road running westerly from Belle Chasse Highway.
Plaintiff’s vehicle was driven by Mr. Tomba, an officer of plaintiff, who was *415 travelling north on Belle Chasse Highway and had attempted to pass a slow moving truck. He had nearly completed his passing maneuver when his car was struck on the left rear fender by defendant’s vehicle. Mrs. Smith had stopped at the Stop Sign which controlled the intersection, had looked to her left and saw nothing. She looked to her right and saw the truck coming toward her in its lane of travel. As she pulled out onto Belle Chasse Highway, plaintiff was coming around the truck and she struck his car with her left front fender.
Mrs. Smith was clearly negligent. When a motorist is confronted with a Stop Sign located at an intersection, it is his duty to bring his vehicle to a complete stop and appraise the traffic situation in both directions. A motorist who stops his vehicle before entering a right of way street has performed only half of the duty the law imposes on him. To stop and then proceed into the intersection in the path of oncoming vehicles, constitutes negligence. Landry v. State Farm Mutual Automobile Ins. Co., La.App., 215 So.2d 226 (3rd Cir. 1968); Messana v. Allstate Insurance Company, La.App., 182 So.2d 93 (4th Cir. 1966). The driver of a motor vehicle is charged with a duty of maintaining a proper lookout, and he is held to have seen that which he should have seen by the exercise of due diligence; Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962).
Mrs. Smith stated that she saw the approaching truck. The car passing the truck was obviously there and could have been seen by defendant had she maintained a proper lookout. By not seeing what she was legally obligated to see, she was clearly negligent.
The defendant, Mrs. Smith, affirmatively pleaded that plaintiff was contributorily negligent for having violated LSA-R.S. 32:76 (A) (2) in executing a passing maneuver within one hundred feet of an intersection. The trial court held that the passing maneuver did not proximately cause or contribute to the collision.
The trial court erred in concluding that the violation of the statute did not contribute to the accident. LSA-R.S. 32:-76(A) (2) provides:
“(A) No vehicle shall at any time be driven to the left side of the highway under the following conditions:
* * * , * * *
“(2) When approaching within one hundred feet of or transversing any intersection or railroad grade crossing ‡ * sje »
The above cited statutory provision is a safety measure, designed to protect life and property on the highways. The violation of its provisions by a motorist is negligence per se, and this negligence is actionable if it constitutes a proximate cause of the collision. Dixie Drive-It-Yourself System, New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Herget v. Saucier, 223 La. 938, 67 So.2d 543 (1953); Normand v. American Home Assurance Company, La.App., 171 So.2d 804 (3rd Cir. 1965).
However, the violation of the Statute does not ipso facto render the offending driver liable for all injuries which may result therefrom to other parties regardless of the attending circumstances. Hoover v. Wagner, La.App., 189 So.2d 20 (1st Cir. 1966). The negligence resulting from the violation must also proximately cause or contribute to the accident.
The plaintiff-appellee relies heavily on the case of Hoover v. Wagner, supra, in support of its position that plaintiff’s negligence did not proximately cause the 'accident. The law as announced in that case is correct and is the same law applicable to the present case but we find the Hoover case to be so factually dissimilar to the case at bar that it does not persuade us to reach the same conclusion.
*416 In the Hoover case the plaintiff began his passing maneuver some 300 feet from the intersection at the top of a small knoll. The overtaken car was moving at approximately 30 miles per hour and the driver of the passing vehicle accelerated his car to approximately 45 miles per hour. When he was about 175 feet from the intersection, he first noticed the defendant’s car approaching the intersection from the side road. He approximated the distance to be 120 feet from the intersection when he began his attempt to stop. By this time he was alongside the vehicle he was passing and could not get back into the proper lane. He skidded 48 feet but was unable to avoid the defendant who had pulled into the intersection.
The rationale of the court in the Hoover case seems to be that since the plaintiff was over 300 feet away when he began his passing maneuver and was more or less trapped in his position once he was within 100 feet of the intersection, that his violation of the statute was not a proximate cause of the accident.
The court also concluded that had the defendant exercised “even the slightest degree of care and observation”, he would have timely observed the plaintiff’s approaching automobile, “which was in plain, unobstructed view”, irrevocably committed to the passing maneuver. A holding which seems to us to be correct under the factual circumstances of that case.
Since each case must stand on its own facts, we conclude that while the holding in the Hoover case was most likely correct, it does not bind this court in the resolution of the factual issue presented to us.
In the case at bar the facts are that the accident occurred on a built-up, heavily travelled road with many intersecting streets.
Mr. Tomba testified that he was driving at approximately 40-45 miles per hour, that there was no oncoming traffic. He passed the slow moving truck and as he was moving back into the right lane, his left rear fender behind the wheel was struck. He stated “this lady pulled out from a side street and nearly missed me, and I had just got past her when she hit the left rear of my automobile.” The impact occurred in the left lane of the Belle Chasse Highway, just at the intersection.
The lack of physical evidence is noteworthy. The accident report of the police was not introduced. There was no evidence of skid marks or anything else which would aid in determining how far away from the intersection the plaintiff was when defendant entered the highway, which perhaps would bring plaintiff within the protection afforded by the rationale of the Hoover case. Considering all the factors involved in this case, we conclude that plaintiff’s passing a truck within one hundred feet of an intersection was negligence which did proximately cause or contribute to the accident.
The record as constituted does not contain sufficient evidence to warrant the conclusion that the defendant had the last clear chance to avoid the collision. There is no basis for invoking this doctrine to vitiate the legal effect of plaintiff’s negligence or destroy its direct responsibility for contributing to the occurrence of the accident. Obviously, if plaintiff had not attempted to pass, the accident would not have occurred. We conclude that Mr. Tomba was contributorily negligent and that the judgment in favor of plaintiff must be reversed.
For the foregoing reasons, the judgment in favor of plaintiff, Communication Service of Louisiana, Inc. and against defendant, Frances J. Smith, in the sum of Four Hundred Eighty-Five and 92/100 ($485.92) Dollars, with legal interest from the date of judicial demand until paid and for all costs is reversed and plaintiff’s suit is dismissed at its cost.
Reversed and rendered.