REDMANN, Judge.
Defendant appeals from a judgment casting him for the price of merchandise plaintiff alleged was bought by defendant doing business as Tom Carter Construction Company.
The merchandise, 1000 pens and 500 key rings, was ordered to be and was imprinted “Tom Carter Construction Co., Inc.” A corporation with that name did exist; defendant and his wife were its president and vice-president and only shareholders. The orders, filled in by plaintiff’s salesman, showed only “Tom Carter Construction Co.”, without “Inc.”, as the purchaser. Defendant’s wife signed the orders. The order form space for her title, which she testified was not filled in by her (and which appears to contain the same lettering as used throughout the form), described her as “owner”.
Defendant’s answer was a general denial. At trial defendant contended the sale was to the corporation and that he was not individually liable for corporate debts. The trial court reasoned this was an affirmative defense which defendant waived by not pleading as required by C.C.P. art. 1005.
This was an incorrect resolution of the problem. A plaintiff suing on a contract must prove the contract, and defendant’s evidence to disprove the alleged contract must be weighed in determining whether plaintiff has satisfied its burden of proof. Defendant must prevail in this lawsuit not because he affirmatively proved the contract was with another, but because plaintiff failed to prove a contract with defendant.
The purpose of C.C.P. art. 1005’s requirement that “matter constituting an affirmative defense” be specially pleaded is “the giving of fair notice of the nature of the defense, and preventing surprise”; Roberts v. Meche, 204 So.2d 592, 595 (La.App.1967).
Plaintiff cannot plead surprise here. If the contract had appeared on its face to be with defendant personally, perhaps an attempt to avoid it by showing the contract was with another would surprise plaintiff and should therefore be affirmatively pleaded. But here plaintiff’s own purchase order forms, the very foundation of its petition, nowhere name defendant individually, and clearly reflect that the advertising inscription was intended to promote the business of the corporation as opposed to any individual or sole proprietorship activity of defendant. Thus this suit seeks to hold an individual liable for what appears on its face to be a corporate debt (or arguably a “Company” debt) and therefore, under its own pleadings and evidence, plaintiff knew or should have known it had to adduce sufficient additional proof to render defendant personally liable. Defendant’s general denial did not in any manner enlarge this obligation. The mere denial of the alleged contract with defendant is not an affirmative defense; Floor-N-Wall Distr., Inc. v. Chartres Co., 144 So.2d 129 (La.App.1962).
Plaintiff simply did not sustain its un-increased burden of proof. It offered no evidence to show personal liability for a corporate debt. Nor did it offer evidence to show that defendant was “doing business as Tom Carter Construction Co.” at the transaction time (or that plaintiff had regularly dealt with him previously under such a trade name, as in Jahncke Serv. v. Heaslip, La.App.1954, 76 So.2d 463). Nor did plaintiff offer evidence that defendant’s wife, the order-signer, had authority from him to bind him personally.
Plaintiff further argues that defendant is liable because he “acquiesced” *299 in, meaning he did not object to, bills addressed to “Tom Carter Construction Co.” (without “Inc.”). This is basically an es-toppel argument which is invalid because, among other reasons, plaintiff showed no detriment to itself due to reliance on defendant’s silence; Turner v. Ewing, 255 La. 659, 232 So.2d 468 (1970).
The judgment is reversed and plaintiff’s suit is dismissed.