289 So.2d 232 (1973)
Flor RILLS et al.
v.
SOUTHERN BELL TELEPHONE COMPANY and Downey McDaniel.
No. 9495.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Rehearing Denied February 15, 1974.
*233 James and Joseph Dupont, Plaquemine, for appellants.
Charles O. Dupont, Plaquemine, for appellees.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
LOTTINGER, Judge.
Petitioner Flor Rills sues for property damages resulting from an accident between a truck belonging to the Southern Bell Telephone Company and his motorcycle which was driven at the time by his wife, Randy Rills, and upon which Gene McCulloch was a passenger. Randy Rills and Gene McCulloch each sue for personal injuries. The defendants are the Southern Bell Telephone Company, the owner of the truck and Downey McDaniel, who was driving the telephone truck at the time of the collision. The Lower Court gave judgment in favor of the defendant, dismissing petitioner's action. Petitioners have taken this appeal.
The record discloses that at approximately 5:00 P.M. on the evening of June 25, 1968, Mrs. Rills was driving her husband's motorcycle in an easterly direction *234 on Fort Street within the City of Plaquemine, Louisiana. She had as a passenger on the motorcycle, her younger brother, Gene McCulloch. Downey McDaniel was also proceeding easterly on Fort Street in the telephone truck when he attempted to pass the two petitioners at the intersection of Fort Street and Ferdinand Street. The accident occurred near the center line of the right lane of traffic as shown by the evidence. We have no written reasons of the trial judge and are therefore, unable to determine whether there was any negligence whatsoever found on the part of defendant; however, from its decision, it is apparent that he found the driver of the motorcycle negligent for one reason or the other.
We agree with appellants' contention that the driver of the South Central Bell truck was negligent in attempting to pass the Rills' motorcycle at an obvious intersection and that this negligence was a proximate cause of the accident. The driver's actions violated LSA-R.S. 32:76 which prohibits the passing maneuver at an intersection. In addition, the jurisprudence is quite clear that violation of this statute is negligence per se. Communication Service of Louisiana v. Smith, La. App., 250 So.2d 414.
Next we must consider the claim of appellee that Mrs. Rills was contributorily negligent. We feel that there was clearly negligence on the part of Mrs. Rills, because at the time of the accident she was attempting to make a left hand turn. Although the defendant was negligent in attempting to pass the plaintiffs at an obvious intersection, the jurisprudence of this state is well established that even when negligence in passing is conceded, the left turning motorist who fails to see the passing vehicle is guilty of negligence also. R.S. 32:104 A provides in pertinent part that no persons shall execute a left turn at an intersection "unless and until such movement can be made with reasonable safety." R.S. 32:104 B further requires that when a person intends to make a left turn he shall give a signal during not less than the last 100 feet. In Fontenot v. Pan American Fire and Casualty Company, La.App., 209 So.2d 105, the Court said:
"However, if the motorist is about to make a left turn sees or should see that a following vehicle is engaged in a passing maneuver, in close proximity to his own vehicle and at an intersection, he can no longer rely on the presumption that the following vehicle is going to obey the law * * * had Miss Fontenot taken reasonable precautions to observe the truck, which she admits was very close behind her, before commencing her left turn, she could have remained in her own lane and avoided the accident. It is our conclusion that Patricia Fontenot was guilty of negligence, which was a cause of the accident. Hence recovery on her behalf is barred."
Other cases so holding are Sterling v. Richey, La.App., 182 So.2d 735; Barras v. Fidelity and Casualty Corp. of New York, 152 So.2d 74, and Beraud v. Allstate Insurance Co., La.App., 251 So.2d 402. The appellant Mrs. Rills' claim for damages is therefore barred by her own contributory negligence.
With regard to the claims of the motorcycle passenger, McCulloch appellee contends that the trial court found correctly that he was engaged in a joint venture with Mrs. Rills and that therefore her negligence should be imputed to him barring his claims. We feel we must disagree. The jurisprudence is quite clear that the essential element of joint venture includes a joint undertaking of the parties to accomplish some agreed upon purpose with each party having an equal right to control the operation of the vehicle in question. We find no evidence to support such a finding in this case. The fact that McCulloch made a request to proceed in a certain direction to view a hot rod he wanted to see and that the driver acquiesced in the request is not sufficient *235 standing alone to support a finding that the two were engaged in a joint venture. Buquet v. St. Amant et al., 55 So.2d 645 (La.App.Orl.1951); Waguespack v. Savarese, 13 So.2d 726 (La.App.Orl.1943).
In determining the damages to which McCulloch is entitled, we find the evidence quite confusing. It does appear, however, that at best his injuries could be described as very minor. They included an elbow abrasion and possibly a slight knee injury. He saw a physician immediately after the accident and was given some emergency treatment and later he saw a physician regarding the possible knee injury. His total alleged special damages were $55.55. In view of the above we feel that an award of $500.00 for his pain and suffering is sufficient. We will therefore render a judgment against the appellee in McCulloch's favor for $555.55, and cost of this appeal.
Affirmed in part reversed in part and rendered.