305 So.2d 596 (1974)
Flor RILLS et al.
v.
SOUTHERN BELL TELEPHONE CO. and Downey McDaniel.
No. 10065.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
*597 Charles O. Dupont, Plaquemine, for appellants.
James H. Dupont and Joseph B. Dupont, Plaquemine, for appellees.
Before LOTTINGER and COVINGTON, JJ., and BAILES, J. Pro Tem.
BAILES, Judge Pro Tem.
This action is a sequel to Rills v. Southern Bell Telephone Co., La.App., 289 So.2d 232. Therein plaintiffs appealed the judgment of the trial court rejecting their demands against defendant for damages arising out of a collision between the Rills motorcycle and the South Central Bell Telephone Company's (South Central) vehicle. The trial court assessed all court costs against plaintiffs therein. This court reversed the judgment insofar as the demands of Gene McCulloch (the motorcycle guest passenger) were rejected and rendered "judgment against the appellee in McCulloch's favor for $555.55, and cost of this appeal."
The instant appeal is from the judgment of the trial court rendered in summary proceedings instituted by South Central against plaintiffs-appellants in the first suit ordering them to show cause why the amount in satisfaction of the judgment rendered in the first suit should not be fixed at the sum of $777.77, consisting of $555.55, the principal amount of the judgment; $141.22, being five per cent interest from March 25, 1969, to date on the principal amount of the judgment; and $81.00 as costs of the appeal. The rule was filed on April 15, 1974, and on the same date $777.77 was deposited in the registry of the court by Southern Bell. During the trial South Central deposited in the registry of the court an additional $15.00 for a total of $792.77. After trial of the rule, the district court rendered judgment condemning South Central to pay nine-tenths of the cost incurred in the trial court. South Central has appealed. We reverse.
The original appeal brought before this court all matters in dispute between the parties. Matters in dispute included the proper assessment of costs, just as much as liability vel non. Under the provisions of Article 2164 of the Louisiana Code of Civil Procedure, this court had the authority to "tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable." This court exercised its discretion in assessing the costs of the appeal against Southern Bell. Beyond that, this court was silent in regard to assessment of costs in the trial court.
Our law is well settled that where a decree is silent on an issue, such silence is to be construed as a rejection of the demands of a litigant. Villars v. Faivre, 36 La.Ann. 398 (1884); Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1916); Mexic Bros., Inc. v. Sauviac, 191 So.2d 873 (La.App. 4th Cir. 1966), and Garvin v. City of New Orleans, 270 So.2d 919 (La. App. 4th Cir. 1972). McCulloch's appeal brought before this court the trial court judgment which had cast him with trial court costs. In failing to speak on this issue, it must follow that this court was, in effect, affirming the costs portion of the trial court judgment.
*598 McCulloch's present position is perhaps best summarized by the old case of Pilcher v. Anderson, 33 La.Ann. 581, 584 (1881), where the Supreme Court stated:
"If the plaintiff in rule is holder of a judgment which unjustly denies to, and withholds from, (sic) him, his legal right, it is a misfortune which might have been repaired before that judgment became final, but which is now past remedy."
Appellee herein cites Vernon Company v. Carter, 254 So.2d 297 (La.App. 4th Cir. 1971) for the proposition that LSA-C.C.P. Art. 1920 obligates South Central, as appellee in the first appeal, to pay all costs on the reversal of the judgment appealed.
In Vernon the appellate court decision was silent on the casting of court costs. On rehearing the court clarified its original opinion by adding the phrase "Plaintiff is to pay all costs."
Perhaps Vernon might be authority for a clarification herein were there ambiguity in our opinion on the first appeal. Therein this court affirmatively stated the appellee therein should pay "cost of this appeal." Such decree is within the authority of LSA-C.C.P. Article 2164.
Likewise, this court in X-L Finance Company, Inc., v. Charles E. Civil, 200 So.2d 326 (La.App. 1st Cir. 1967) clarified, on rehearing, what we intended by the statement "X-L Finance Company, Inc., to pay all court costs." On rehearing we pointed out that by the condemnation of X-L Finance Company, Inc. to pay "all court costs," we intended to cast said plaintiff for all costs of the trial as well as of the appellate court.
If there were doubt created in the casting "cost of this appeal," it behooved the appellant in the first appeal to raise the question by way of an application for rehearing. Such procedure was not followed.
The judgment rendered in the first appeal (La.App., 289 So.2d 232) is definitive. We find that the amount of $792.77 deposited by Southern Bell in the registry of the trial court, being the principal amount of the judgment ($555.55), legal interest ($141.22), and appellate costs ($96.00), is sufficient in amount to fully satisfy the final judgment rendered in this matter in favor of McCulloch and against Southern Bell and is to be paid to appellee, Gene McCulloch.
Accordingly, the judgment herein appealed from, dated May 8, 1974, is reversed; and it is ordered, adjudged and decreed that the Clerk of Court for Iberville Parish, Louisiana, cancel and erase from the mortgage records of his office, as fully paid and satisfied, that judgment rendered by this court on December 17, 1973, in favor of Gene McCulloch and against Southern Bell Telephone Company and Downey McDaniel.
All costs of the instant proceeding incurred in the trial court and in this court, are assessed against the appellee, Gene McCulloch.
Reversed and rendered.