SEXTON, Judge,
concurring.
I concur with the result herein. The trial judge clearly found that the defendant/plaintiff-in-rule proved theft of gasoline by the plaintiff in excess of the wages sought by the plaintiff. In my judgment, this result is narrowly supported by the record. A proven reconventional demand by an employer which exceeds the amount of wages which a plaintiff-employee proves are due in a wage suit operates to offset those wages. LSA-C.C. Art. 1893; Foreman v. Pelican Stores, et al, 21 So.2d 64 (2d Cir.1944).
However, compensation (or offset) cannot occur in the instant case because there was no ruling on the reconventional demand by the trial court. Failure of the trial court to rule on the reconventional demand in favor of the original defendant legally operates as a tacit rejection of the reconventional demand. Rills v. Southern Bell Telephone Company, 305 So.2d 596 (La.App. 1st Cir.1974). Thus, the value of the stolen property which the original defendant asserted on reconvention, and which the trial judge apparently accepted, is not due and exigible.
The defendant/plaintiff-in-reconvention has not appealed or answered. Therefore, we cannot give him relief. LSA-C.C.P. Art. 2133.