592 So.2d 1156 (1992)
Laurie F. UITERWYK N/K/a Laurie Fuge, Appellant,
v.
Hendrik UITERWYK, Appellee.
Laurie FUGE F/K/a Laurie F. Uiterwyk, Petitioner,
v.
Honorable Sam D. PENDINO, Circuit Judge, Thirteenth Judicial Circuit, Respondent.
Nos. 91-00631, 91-03248.
District Court of Appeal of Florida, Second District.
January 8, 1992.
Edna Elliott of Edna Elliott, P.A., Tampa, for appellant, petitioner.
Ronald S. Reed of Ronald S. Reed, P.A., Tampa, for appellee, respondent.
PATTERSON, Judge.
The former wife in this dissolution of marriage action appeals from the nonfinal order which dissolves a stay of proceedings and determines jurisdiction to be in Florida. She also petitions for a writ of prohibition requesting this court to prohibit the trial judge from conducting further custody and visitation proceedings. We consolidate the appeal and the petition for purposes of this opinion, affirm the trial court's order granting the motion to set aside the stay, and deny the petition for a writ.
On February 22, 1985, a final judgment of dissolution of marriage was entered dissolving the parties' marriage and awarding the wife primary residential care of the parties' children. An amendment to the final judgment was entered on June 14, 1986, pursuant to a written stipulation by the parties, which permitted the wife to permanently move to Louisiana with the children. The stipulation expressly stated that the Florida circuit court would retain jurisdiction over custody and visitation matters for one year from the date of the order.
On September 29, 1987, the wife began proceedings in Louisiana, seeking to modify the amended final judgment's custody and visitation provisions. On October 20, 1987, the husband filed suit in Florida seeking to revoke the 1986 amended judgment and to modify custody and visitation.
On November 4, 1987, the Louisiana court rendered a consent judgment staying all proceedings in Florida until the jurisdictional issue had been decided in Louisiana by the Louisiana Fourth Circuit Court of Appeal. The Florida court followed suit and filed an order on November 24, 1987, pursuant to an agreement between the parties, staying all proceedings relating to custody, visitation or support until the jurisdictional *1157 issue was resolved by the Louisiana court system.
In its opinion dated April 13, 1989, the Louisiana Fourth Circuit Court of Appeal held that Louisiana had jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA)[1] since Louisiana met the requirements of being the children's "home state" and of having a "significant connection" with the children and at least one parent.[2] The court remanded the case to the trial court for a determination on the issues of custody, visitation and child support. Fuge v. Uiterwyk, 542 So.2d 726 (La. App. 4 Cir.1989).
After this Louisiana appellate decision and before the Louisiana modification trial was to occur, the husband re-noticed his Florida motions for hearing. On August 2, 1989, the Florida trial court, being fully advised of the Louisiana proceedings, deferred jurisdiction to Louisiana based on forum non conveniens and stayed all proceedings in Florida. Louisiana trial proceedings were held, and on October 12, 1989, the Louisiana trial court entered a judgment granting the wife sole custody of the three minor children, determining the husband's visitation rights, and enjoining the parties from invoking jurisdiction of the Florida courts so long as the wife was not domiciled in Florida.
In January 1990 the husband filed a motion to set aside the stay in Florida. The trial court granted the motion by order dated February 1, 1991, finding that the court had mistakenly divested its jurisdiction to Louisiana in the August 2 stay order. It held that the Florida court had inherent continuing jurisdiction over its own custody decree and that it was the proper forum to adjudicate custody and visitation issues.
On appeal the wife argues that the trial court erred in determining that it has jurisdiction and in setting aside the stay. In her petition for a writ of prohibition she requests this court to prevent the trial court from conducting further proceedings regarding custody or visitation and to compel the trial court to enforce with full faith and credit the final rulings of the State of Louisiana as to subject matter jurisdiction.
The trial court did not err in lifting the stay of proceedings. A trial court has the inherent power to vacate its own stay orders. See Holman v. Ford Motor Co., 239 So.2d 40 (Fla. 1st DCA 1970) (trial court has control of interlocutory orders until final disposition of the suit). To hold otherwise would leave this case open and unresolved in the records of the circuit court. However, the trial court did err in finding that Florida has continuing jurisdiction to modify the custody decree. Not only is Louisiana, the home state of the children, the appropriate forum to decide custody and visitation matters, Prickett v. Prickett, 498 So.2d 1060 (Fla. 5th DCA 1986), but also, the parties expressly stipulated that the jurisdiction of the Florida court would terminate after one year.
Accordingly, we affirm the trial court's order lifting the stay. Upon remand, the trial court must enter an order enforcing the parties' stipulation of June 11, 1986, and relinquishing jurisdiction to Louisiana. We further deny the petition for a writ of prohibition as moot.
SCHOONOVER, C.J., and CAMPBELL, J., concur.
NOTES
[1] La. Rev. Stat. Ann. § 13:1700 et seq. (West 1983).
[2] La. Rev. Stat. Ann. § 13:1702(A)(1) & (2) (West 1983).