709 So.2d 357 (1998)
Laurie FUGE
v.
Hendrik UITERWYK.
No. 97-CA-1252.
Court of Appeal of Louisiana, Fourth Circuit.
March 25, 1998.
*358 David J. Foshee, New Orleans, for Defendant/Appellant Hendrik Uiterwyk.
Jean Morgan Meaux, Metairie, for Plaintiff/Appellee Laurie Fuge.
Before SCHOTT, C.J., and BARRY and MURRAY, JJ.
MURRAY, Judge.
Hendrik Uiterwyk appeals a judgment of the trial court wherein he was ordered to pay $70,528.60 in attorney's fees and costs in connection with a rule to accumulate past due child support filed on behalf of his ex-wife Laurie Fuge. We vacate the judgment, and remand.

FACTS AND PROCEDURAL HISTORY:
This case involves an on-going domestic battle between Henrik Uiterwyk and Laurie Fuge.[1] The instant appeal stems from a Rule to Accumulate Past Due Child Support filed by Laurie Fuge in July of 1993. At the original hearing on the rule, it was stipulated by the parties that Mr. Uiterwyk was $94,930.01 in arrears on his child support payments. After taking the matter under advisement, Judge Michael Bagneris awarded Ms. Fuge, as the prevailing party on the rule, $500.00 in attorney's fees. Ms. Fuge appealed that award, complaining that it was grossly inadequate.
This Court agreed with Ms. Fuge and remanded the matter to the trial court for reconsideration of the attorney's fees award.[2] The trial on remand was before Judge Karen Wells Roby, Judge Pro Tempore; however, the matter was taken under advisement and a judgment was never rendered. The next judge to handle this matter was Judge Terri Love. In order to render a judgment, Judge Love reviewed the transcript of the remand hearing and memoranda of counsel. The judgment dated August 29, 1996 states that the attorney's fees were calculated beginning with fees incurred as of July 1993 through the hearing date, August 2, 1995. Subsequent to rendition of the judgment, Mr. Uiterwyk filed a Motion to Vacate Judgment and/or for New Trial claiming that no testimony was taken from either Ms. Fuge's Florida counsel or the accountant whose bill was submitted, and therefore the bills were not authenticated. Judge Love granted the morion and vacated her August 2 judgment. The deposition of Ms. Fuge's Florida attorney, Edna Elliot, was then taken and a joint stipulation was entered as to the authenticity of the accountant's bills. On December 13, 1996, a new judgment was rendered awarding Ms. Fuge $70,528.60 in attorney's fees plus costs in connection with her efforts to collect child support from Mr. Uiterwyk. It is from this judgment that Mr. Uiterwyk appeals.

DISCUSSION:
Mr. Uiterwyk complains that the trial court abused its discretion in awarding $70,528.60 in attorney's fees because 1) a large portion of the award was for services by Ms. Fuge's Louisiana attorney accrued in connection with issues other than the rule filed in July of 1993; 2) it was error to award fees to Ms. Fuge's Florida attorney in an action in Louisiana; and, 3) it was error to award accountant fees incurred by Ms. Fuge. He argues that the fees awarded included work performed by Louisiana counsel on various appeals and trial court proceedings regarding visitation rights, and therefore, those portions of the award are not provided for by statute. Further, no statute provides for an award of attorney's fees for services performed by an attorney in another state. Last, although the accountant's bill was admitted *359 into evidence with a stipulation as to authenticity, no testimony was taken to substantiate that the work performed was related in any way to the instant rule.
Ms. Fuge counters that the most recent opinion of this Court remanding the case ordered the trial court to redetermine the amount of attorney's fees to "ensure that Ms. Fuge is totally compensated for the legal costs and fees incurred in protecting her children's legal rights" in light of the "entire record of these proceedings."[3] She argues that the Court's order should be interpreted to mean that she be allowed to recoup all attorney's fees incurred relative to collection of child support since the inception of the litigation. We disagree.
According to the record, Ms. Fuge has already been awarded attorney's fees on several occasions. Those judgments have become final and can be executed. While we are well aware of the difficulties Ms. Fuge has faced in collecting anything from Mr. Uiterwyk, it would be improper to allow a new judgment to duplicate attorney's fees previously awarded. The trial court correctly interpreted this Court's order and only awarded fees for the period from the filing of the instant rule, July of 1993, through the date of the hearing.
The trial court has great discretion in calculating an award of attorney's fees. Bagwell v. Bagwell, 29,756, p. 5 (La.App. 2 Cir. 8/20/97), 698 So.2d 746, 749; Ourso v. Ourso, 482 So.2d 824, 827 (La.App. 4 Cir.), writ denied, 484 So.2d 139 (La.1986). However, the trial court can only assess attorney's fees for work performed on the rule to accumulate the past due child support. La. Rev.Stat. 9:375, states in pertinent part:
A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, ..., it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
Although Ms. Fuge would have this Court interpret its prior ruling to include all work performed by her counsel from the beginning of time if related in any way to the collection of child support, we do not interpret the controlling statute to allow such an award. The statute clearly states that the award must be for work performed in an action to make executory past-due payments under a child support award. Work performed in connection with the issue of abatement of arrest warrants, although related to the collection of child support, is not work performed on the rule to accumulate arrearages. Likewise, the accountant bills from 1987 through 1990 cannot possibly relate to the instant rule, nor can the work performed by Ms. Fuge's Florida counsel. Although Ms. Elliot's deposition testimony reveals that a large portion of her services were related to collection of child support, those services were not performed relative to the rule to accumulate child support filed in Civil District Court in New Orleans in July of 1993.[4]
Having determined that the trial court could only award attorney's fees and costs related specifically to the rule to accumulate child support, and as such that only a portion of the accountant bill and none of the Florida counsel's bill could be considered, we now review the fee awarded for services performed by Ms. Fuge's Louisiana counsel.[5] Because the record usually will reflect much of the services rendered there is no requirement that the trial court hear testimony or other evidence concerning time spent or the hourly rates charged in order to make an award of attorney's fees. Bagwell, supra. However, in this case, there was testimony in this regard and bills admitted, under seal, in support of that testimony. It is this evidence which we must review in determining if the fee awarded was an abuse of the trial court's discretion.
Mr. Hauver, trial counsel for Ms. Fuge, testified at the hearing concerning his fee bills. According to the transcript, he went *360 through his billing statements month by month and delineated what work was done on which issue. This Court has been unsuccessful, despite several attempts, to have the record supplemented with the fee bills from which Mr. Hauver testified. Those bills supposedly were sealed and placed in the vault at Civil District Court, but no such documents could be located by the Clerk of Civil District Court. This Court ordered both trial and appellate counsel to supplement the record with the bills from which Mr. Hauver testified at the hearing. The bills submitted in response to those orders, however, are not consistent with Mr. Hauver's testimony. For example, Mr. Hauver testified that on July 12, 1995, 2.3 hours were spent on legal research. The bill of August 21, 1995, however, only shows the following entry for that date:
7/12/95 Telephone conference with counsel
Mr. Hauver testified that on July 13 he spent.20 hours revising the rule for contempt, but his bill shows no entry for that date.
Not only are the bills inconsistent with Mr. Hauver's testimony, they do not itemize the time expended nor identify the work performed as being related to the action to make executory past-due payments under a child support award. Despite these inconsistencies, however, based on the bills submitted to this Court, it appears that the trial court arrived at the $40,177.60 in attorney's fees by adding up the total of all the bills submitted by Mr. Hauver. As stated previously, work performed by Mr. Hauver not related to the specific rule to accumulate child support is not recoverable under La.Rev.Stat. 9:375.
It is clear from the record that the award of $40,177.60 in attorney's fees was an abuse of discretion by the trial court. However, because of the deficiency in the record, specifically the bills from which Mr. Hauver testified, and the inconsistencies between his testimony and the bills submitted to this Court, it is impossible for this Court to determine a proper award of attorney's fees. We, therefore, have no choice but to remand this matter once again for the trial court to assess attorney's fees.
Thus, we remand this case to the trial court for a determination of an award of attorney's fees consistent with the clear language of La.Rev.Stat. 9:375, and this opinion.
JUDGMENT VACATED; REMANDED.
NOTES
[1] For a complete history of the facts of this case and previous rulings, see 576 So.2d 557 (La.App. 4 Cir.), writ denied, 578 So.2d 937 (La. 1991); 613 So.2d 717 (La.App. 4 Cir.), writs denied, 619 So.2d 574 (La.1993); and, 94-1815 (La.App. 4 Cir. 3/29/95), 653 So.2d 707.
[2] Fuge v. Uiterwyk, 94-1815 (La.App. 4 Cir. 3/29/95), 653 So.2d 707.
[3] 94-1815, p. 10, 653 So.2d at 714-5.
[4] Ms. Elliot admits in an affidavit that the only work she performed for Ms. Fuge in Louisiana was to prepare and submit the affidavit.
[5] The judgment reflects that the trial court awarded $26,391.00 for Florida counsel, $3,960,00 for the accountant, and $40,177.60 for Louisiana counsel.