835 So.2d 533 (2002)
Sharon Cortez DRURY (Vicknair)
v.
Steve DRURY.
No. 2001 CA 0877.
Court of Appeal of Louisiana, First Circuit.
August 21, 2002.
*534 Mary E. Heck Barrios, Denham Springs, for Plaintiff-Appellant Sharon Cortez Drury Vicknair.
*535 Brenda Braud, John Braud, Independence, for Defendant-Appellant Steven R. Drury.
Before: FOIL and PETTIGREW, JJ., and KLINE[1], J., Pro Tem.
PETTIGREW, J.
This is an action for divorce, child custody, and support. Both parties have appealed and object to the district court's award of child support. Sharon Cortez Drury has also appealed the district court's decision to assess her with court costs and attorney fees. For the reasons set forth below, we vacate in part, affirm in part, reverse in part, and remand.

FACTS
Petitioner Sharon Cortez Drury ("Ms.Drury") and defendant Steve Drury ("Mr.Drury") were married on September 4, 1982, in Tangipahoa Parish, Louisiana, where they established a matrimonial domicile. According to the facts set forth in the Petition For Divorce filed by Ms. Drury on August 14, 1996, "[t]wo children were born of this marriage, namely, Steven Drury, age nine and Shane Drury, age eight."
The divorce petition further alleged that the parties separated on August 6, 1996, and that Ms. Drury desired a divorce pursuant to La. Civ.Code art. 102. As part of her petition, Ms. Drury sought to be designated as the domiciliary parent of the minor children pursuant to a plan of joint custody and an award of child support. Ms. Drury also sought issuance of temporary orders and injunctive relief prohibiting Mr. Drury from harassing her or alienating or encumbering the community property.
Mr. Drury filed an answer to the divorce petition in the form of a general denial, and through a reconventional demand, sought an immediate divorce based upon "numerous acts of adultery" alleged to have been committed by Ms. Drury. Mr. Drury further sought to be designated as the domiciliary parent of the minor children pursuant to a plan of joint custody.
The record reflects that in a hearing held on October 10, 1996, the parties entered into various stipulations that were incorporated into a Joint Custody Agreement and plan of implementation. This plan designated the parent in actual physical custody of the minor children as the domiciliary parent pending further orders of the court. The plan also set forth a visitation schedule for major holidays and granted each parent two weeks of summer visitation with the children. A formal judgment was also prepared that granted four days of alternating visitation to each party. Both the agreement and the judgment were signed by the parties and their respective attorneys. The trial judge signed both documents on the same date.[2]
On December 16, 1996, Mr. Drury, appearing in proper person, filed a Rule For Contempt along with a Motion and Order for temporary physical custody of the minor children. These matters were inexplicably transferred from Division "D" to Division "E" of the district court, and a hearing on Mr. Drury's motion was scheduled. Said matters were later resolved, *536 and the scheduled hearing was removed from the court's docket.
On March 19, 1997, Mr. Drury filed an Amended Reconventional Demand For Divorce seeking termination of the marriage alleging that the parties had lived separate and apart for a period in excess of six months. The parties were then divorced on June 16, 1997.
Ms. Drury subsequently filed a Petition For Custody And Contempt on September 10, 1997, alleging that her ex-husband had denied her request for two weeks of summer visitation with the children. Ms. Drury further alleged that the existing custody plan, providing for four days of alternating visitation, had not proved to be workable and was not in the best interest of the minor children. Accordingly, Ms. Drury reasserted her request to be designated the domiciliary parent of the minor children pursuant to a "standard joint custody plan." Ms. Drury further sought an award of reasonable child support as set forth in the child support guidelines. Mr. Drury responded with a denial of his ex-wife's allegations and asserted his own request for designation as the domiciliary parent pursuant to a plan of joint custody. Mr. Drury also sought an award of reasonable child support as set forth in the guidelines.
A hearing on these issues was subsequently conducted on October 14, 1997. A transcript of the hearing, contained in the record, disclosed no evidence or argument regarding child support by either party. The sole issue presented at the October 14, 1997 hearing concerned which parent should be awarded domiciliary custody of the minor children. In a judgment signed October 17, 1997, the district court denied Ms. Drury's rule for contempt and granted custody of the minor children jointly to the parties. The district court further designated Mr. Drury as the children's domiciliary parent with alternating weekends of visitation to Ms. Drury. Neither party appealed from this judgment.
Eight months later, on June 16, 1998, Ms. Drury filed a "Rule For New Trial Specify Visitation And Joint Custody Plan." Mr. Drury responded with a motion to continue the hearing on Ms. Drury's rule and his own rule requesting that Ms. Drury show cause why child support should not be fixed. A hearing was later held on August 24, 1998. At the hearing, the district court took the custody issue under advisement and suggested the parties exchange income information and, "come up with a guideline amount" for child support. The district court subsequently issued Reasons For Judgment on October 28, 1998, denying Ms. Drury's rule for a new trial on the grounds that its previous judgment of October 17, 1997, was "just and equitable and in accordance with law." No judgment was submitted in connection with the August 24, 1998 hearing.
On March 3, 1999, pleadings were filed by both parties. Mr. Drury filed a motion to set his earlier Rule For Child Support for hearing; however, the order attached to Mr. Drury's was inscribed "Moot" and filed unsigned. Ms. Drury filed a Rule to Show Cause seeking a change in custody based upon material changes in circumstances. Inexplicably, the district court prepared an order noting that since all previous rules in the matter had been disposed of, Ms. Drury's rule should be reallotted in accordance with local court rules. This matter was then transferred from Division "E" back to Division "D" by random reallotment on March 11, 1999.
On March 31, 1999, after the matter had been reallotted, the judge of Division "E" (from whose docket this case had recently been transferred) issued, sua sponte, Amended Reasons For Judgment reaffirming *537 the correctness of her previous October 17, 1997 judgment, but directing that child support be set in accordance with the applicable child support guidelines. Again, no judgment had ever been prepared in connection with the hearing of August 24, 1998.
Over the ensuing twelve months, Mr. Drury filed motions and sought a supervisory writ from this court[3] and ultimately, writs of certiorari, prohibition and mandamus from the Louisiana Supreme Court[4] in an unsuccessful effort to have this matter transferred back to Division "E" from Division "D."
During the pendency of Mr. Drury's writ applications, Ms. Drury filed an Application For Relief Under The Domestic Violence Relief Act, For Protective Order, Change of Custody and Other Ancillary Relief in Division "D" of the district court. Following a hearing on May 31, 2000, the parties entered into a Stipulated Judgment that addressed issues related to custody and visitation. The terms of the judgment ultimately signed on February 12, 2001, provided in pertinent part,
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither parent shall have any obligation to pay child support to the other, commencing February, 2000. Nothing contained herein shall be construed as a waiver of the rights of either party to enforce any support obligation which may be determined to have existed prior to February, 2000;
Between the date of the hearing and the signing of the Stipulated Judgment in Division "D," the judge of Division "E" signed a judgment on November 30, 2000, covering the earlier hearing held on August 24, 1998. Said judgment ordered Ms. Drury to pay to Mr. Drury "monthly child support in accordance with the applicable child support guidelines, retroactive to June 25, 1998." The judgment further cast Ms. Drury with all costs of said proceedings and all attorney fees incurred by Mr. Drury.
From the judgment of November 30, 2000, Mr. Drury has taken a devolutive appeal. Ms. Drury has taken a separate suspensive appeal.

ISSUES SET FORTH ON APPEAL
On appeal, Mr. Drury asserts that the district court erred:
1. [W]hen it attempted to award child support in the absence of an evidentiary hearing or factual stipulations by the parties.
2. [W]hen it issued a judgment that authorized child support but did not specify an amount as such a judgment is unenforceable.
3. [I]n not awarding child support retroactive to the date of filing in the absence of evidence establishing good cause for not making the retroactive award.
In connection with her appeal of the instant matter, Ms. Drury presents the following issues for consideration by this court:
1. The judgment signed by the [district] court on October 17, 1997, denied [Mr. Drury's] claim for support, and is a final judgment.
2. The judgment signed by the [district] court on November 30, 2000, fixing child support "in accordance with the child support Guidelines" violated the due process requirements of law.

*538 3. The [district] court erred as a matter of law in awarding [Mr. Drury] attorney fees for prosecution of a child support rule and in defense of a rule for new trial.
4. The [district] court erred in assessing all cost of this proceeding against [Ms. Drury], and this Honorable Court should reapportion those costs in the [district] court between the parties, as well as assess costs on appeal against [Mr. Drury].
5. On remand, the [district] court should consider all support of any kind provided by [Ms. Drury] to or on behalf of the minor children as a credit against any amount of child support which may be fixed, and should consider that good cause exists for fixing the retroactivity date of such a judgment later than the date for judicial demand.

DISCUSSION
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const. art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1112 (La.1990).

Child Support Award
In the instant case, both parties take issue with the district court's judgment of November 30, 2000, that ordered Ms. Drury to pay to Mr. Drury "monthly child support in accordance with the applicable child support guidelines, retroactive to June 25, 1998." This court, in Percle v. Noll, 93-1272, pp. 8-9 (La.App. 1 Cir. 3/11/94), 634 So.2d 498, 502-503, stated:
Fathers and mothers by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children. La. C.C. Art. 227. Generally the custodial parent has the right to seek child support from the non-custodial parent for financial assistance in the maintenance of the children. Barkemeyer v. Barkemeyer, 598 So.2d 550 (La.App. 4th Cir.1992)[]. The guidelines for determination of child support shall apply to "any proceeding to establish or modify child support filed after October 1, 1989". La.R.S. 9:315.1 et seq. Fuge v. Uiterwyk, 613 So.2d 717 (La.App. 4th Cir.1993) [writ den. 619 So.2d 574 (La.1993)]. Use of the guidelines gives rise to the presumption that an award of child support is proper. La.R.S. 9:315.1.
The judgment at issue was signed by the district court on November 30, 2000, following a hearing more than two years earlier. The transcript of the August 24, 1998 hearing reflects that counsel for Mr. Drury volunteered to exchange income information and prepare an order for the court setting forth child support in accordance with the guidelines. This was evidently never done. The judgment rendered two years later merely directs Ms. Drury to pay an unspecified sum as monthly child support to Mr. Drury in accordance with the applicable child support guidelines. The record is entirely devoid of any of the supporting documentation required by La. R.S. 9:315.2.
A judgment must be certain and not based on any contingency. Crefasi v. Crefasi, 628 So.2d 1274, 1276 (La.App. 3 *539 Cir.1993). Documentation is essential to the setting of child support, even in the context of an interim or temporary order. Ventura v. Rubio, XXXX-XXXX, p. 8 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 888. Louisiana Revised Statute 9:315.2A is clear in its mandate of essential documentation. That statute provides, in pertinent part, as follows:
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. [Underscoring added]
Inherent in the process of calculating child support is the principle of equity that requires the court to examine the financial status of both parties. Therefore, the child support statutes must be applied in pari materia. State of Louisiana in the Interest of Wade Joseph, Sr., 97-0780, p. 5 (La.App. 4 Cir. 12/23/97), 705 So.2d 776, 779. In the instant case, both parties failed to submit verified statements as to their respective incomes, documentation of current and past earnings, copies of their most recent tax returns, as well as other evidence mandated by La. R.S. 9:315.2. Without the introduction of the appropriate documentation, the district court could not properly apply the guidelines of La. R.S. 9:315, et seq. and establish child support in accordance with law. For the same reasons, neither can this court.
Accordingly, we remand this matter to the district court for the submission of the required documentary evidence and the proper calculation of the parties' respective child support obligations.

Retroactive Effect of Judgment Awarding Child Support
Also at issue in this case is the retroactive effect of the November 30, 2000 judgment that attempted to award child support. The parties apparently do not dispute that pursuant to the terms of the Stipulated Judgment previously rendered on May 31, 2000, "neither parent shall have any obligation to pay child support to the other, commencing February, 2000." Thus, at issue is the obligation to pay child support prior to February 2000.
In his brief to this court, Mr. Drury cites and relies upon La. R.S. 9:315.21A, which provides in pertinent part:
A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand ....
The district court's award of child support was made retroactive to June 25, 1998; however, Mr. Drury complains that he has been judicially requesting child support since he filed his original rule for child support on September 18, 1997.
A review of the transcript of the October 14, 1997 hearing held on Mr. Drury's rule reveals that no evidence was presented by Mr. Drury in support of his request for child support. As a result, the judgment rendered on October 14, 1997, and signed *540 on October 17, 1997, was silent as to Mr. Drury's request for child support.
Ms. Drury argues that it has long been established that a final judgment that fails to award relief requested by a party effectively denies that relief. In support of this argument, Ms. Drury cites Rills v. Southern Bell Telephone Co., 305 So.2d 596, 597 (La.App. 1 Cir.1974), for its proposition that "[o]ur law is well settled that where a decree is silent on an issue, such silence is to be construed as a rejection of the demands of a litigant." Ms. Drury asserts that the judgment signed on October 17, 1997, became final on November 27, 1997, when the delays for filing motions for a new trial and appeal had expired.
The record reflects that Mr. Drury filed a rule to show cause seeking to fix child support on June 25, 1998. Ms. Drury points out that while a hearing was later held on August 24, 1998, the hearing transcript reflects the district court suggested that the parties exchange income information and "come up with a guideline amount." Subsequently issued Reasons For Judgment and Amended Reasons For Judgment were silent as to the issue of child support. The judgment rendered by the court more than two years later awarded child support retroactive to June 25, 1998.
Upon review, we agree and affirm the district court's determination that Mr. Drury is not entitled to child support prior to June 25, 1998.

Award of Attorney Fees
Mr. Drury also requested an award of attorney fees and court costs in connection with his rule to show cause seeking child support filed on June 25, 1998. The judgment signed by the district court on November 30, 2000, cast Ms. Drury with all costs of said proceedings and all attorney fees incurred by Mr. Drury.
Louisiana Revised Statute 9:375A provides, in pertinent part, that "[w]hen the court renders judgment in an action to make executory past-due payments under a ... child support award ... it shall, except for good cause shown, award attorney's fees and costs to the prevailing party."
Pursuant to our reading of the statute, La. R.S. 9:375A applies when a party arbitrarily or capriciously refuses to pay an existing support obligation. In the instant case, the district court did not make an award of child support until two years after the hearing. The district court then failed to order a specific amount of child support to be paid. Thus, the district court erred in awarding attorney fees absent proof of an existing support obligation and a party's subsequent arbitrary refusal to comply. Accordingly, the district court's award of attorney fees and costs is reversed.

CONCLUSION
For the foregoing reasons, the judgment of the district court establishing an unspecified amount as child support for the period from June 25, 1998 through January 2000 is vacated, and the matter is remanded to the district court for recalculation of child support in accordance with the guidelines. We affirm the district court's determination that Mr. Drury is not entitled to child support prior to June 25, 1998. Additionally, we reverse the district court's award of attorney fees and court costs to Mr. Drury. Costs of this appeal are assessed equally against plaintiff, Sharon Cortez Drury Vicknair, and defendant, Steven R. Drury.
VACATED IN PART; AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] It appears that Mr. Drury's former attorney prepared both documents. At a subsequent hearing held in Division "E" on October 14, 1997, the district court ruled that the provisions of the judgment controlled and that the two weeks of summer visitation specified in the Joint Custody Agreement were null and void.
[3] See Vicknair v. Drury, 99-CW-2526 (La.App. 1 Cir. 4/20/2000).
[4] See Vicknair v. Drury, 2000-CC-1248 (La.5/3/2000), 760 So.2d 1185.