DEANO & DEANO, INC. AND ROBERT M. GREEN
v.
SUCCESSION OF NOEL RICKS AND ALETA RICKS.
No. 2008 CA 1782.
Court of Appeals of Louisiana, First Circuit.
July 31, 2009.
Not Designated for Publication
MALCOLM B. ROBINSON, Jr., Counsel for Plaintiffs/Appellees Deano & Deano, Inc. and Robert M. Green.
WILLIAM M. MAGEE, PATRICE W. OPPENHEIM, Counsel for Defendant/Appellant Succession of Noel Ricks.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
GAIDRY, J.
In this suit on open account, the Succession of Noel Ricks appeals a judgment ordering it to pay for legal services purportedly provided to it by plaintiffs. We remand to have the trial court render a judgment which is precise, definite, and certain.

FACTS AND PROCEDURAL HISTORY
On February 4, 2003, the law firm of Deano & Deano and Robert M. Green (collectively "plaintiffs") filed a suit on open account against the Succession of Noel Ricks ("the Succession"), through its testamentary executrix, Aleta Ricks, and also against Aleta Ricks individually. The petition alleges that the Succession owes plaintiffs $32,761.94, plus interest and attorney's fees, for legal services rendered by plaintiffs for the benefit of the estate. The petition alternately states that should the court find that any portion of the debt is not a succession debt, then Aleta Ricks is personally indebted to plaintiffs for that amount.
Aleta Ricks filed a reconventional demand on September 25, 2003, in which she stated that as executrix of the Succession, she hired the plaintiffs to perform legal work for the Succession.
On March 2, 2005, the plaintiffs filed a Petition for Declaratory Judgment seeking to have the court declare which of the professional legal services rendered by the plaintiffs were rendered for the benefit of the Succession and the testamentary executrix and which services were rendered for the benefit of Aleta Ricks personally.
On December 21, 2006, plaintiffs filed a Motion to Determine Status of Succession Debt, seeking to have the court "determine what percentage of the services performed by [plaintiffs] are debts of the Succession of Noel Ricks incurred by Aleta Ricks in her capacity as Executrix." A hearing was held on this motion on November 12, 2007, after which the court rendered judgment on April 23, 2008 in favor of plaintiffs and against the Succession finding that the Succession is indebted to the plaintiffs for all of the professional legal services rendered by plaintiffs, with the exception of the charges associated with the filing of the motion to withdraw.
The Succession appealed, assigning the following trial court errors:
The Trial Court erred in failing to recognize that plaintiffs failed to prove a written contract existed with a duly authorized representative of the Succession.
The Trial Court erred in failing to recognize that plaintiffs failed to prove the existence of an oral contract in excess of $500.00 existed with a duly authorized representative of the Succession.
The Trial Court erred in holding that Aleta Ricks was authorized to incur debts on behalf of the Succession during the entirety of the time for which plaintiff sought recovery of fees and expenses.
The Trial Court erred in holding that the actions of the plaintiffs benefited the Succession without evidence of same.

DISCUSSION
Louisiana Civil Code article 1846 provides that if the price or value of a contract is in excess of five hundred dollars, an oral contract must be proved by at least one witness and other corroborating circumstances. To meet this burden of proof, a plaintiff may serve as his own witness, and the "other corroborating circumstances" may be general and need not prove every detail of the plaintiffs case. However, the corroborating circumstances that are required must come from a source other than the plaintiff. Pennington Construction, Inc. v. R A Eagle Corporation, 94-0575 (La. App. 1st Cir. 3/3/95), 652 So.2d 637, 639.
The existence or non-existence of a contract is a question of fact, and the trial court's determination of this issue will not be disturbed unless it is manifestly erroneous or clearly wrong. Townsend v. Urie, XXXX-XXXX (La. App. 1st Cir.5/11/01), 800 So.2d 11, 15, writ denied, XXXX-XXXX (La. 9/21/01), 797 So.2d 674. Similarly, the issue of whether there were corroborating circumstances sufficient to establish an oral contract is a question of fact. Pennington Construction, Inc., 652 So.2d at 639. Moreover, when evaluating the evidence needed to establish the existence or non-existence of a contract, the trial court is allowed to make credibility determinations. See Imperial Chemicals Limited v. PKB Scania (USA), Inc., 2004-27'42 (La. App. 1st Cir. 2/22/06), 929 So.2d 84, 93, writ denied, XXXX-XXXX (La. 5/26/06), 930 So.2d 31.
In this case, the plaintiffs carried their burden of proving an oral contract in excess of five hundred dollars by the testimony of Robert Green and the statement in Aleta Rick's reconventional demand that she hired the plaintiffs to perform legal work for the benefit of the Succession.
Despite our conclusion that the plaintiffs carried their burden of proving an oral contract, we find that a defect in the trial court's judgment requires us to remand this matter so that a proper judgment may be rendered. The trial court's April 23, 2008 judgment ordered the Succession to pay plaintiffs "the sum of $32,761.94, together with legal interest thereon from the date of judicial demand until paid and all costs of these proceedings, less and except those sums in the statement of services rendered for the attorney time for the preparation and filing of the Motion to Withdraw and the court costs associated with the filing of the Motion to Withdraw." A judgment must be precise, definite, and certain. Vanderbrook v. Coachmen Industries, Inc., XXXX-XXXX (La. App. 1st Cir. 5/10/02), 818 So.2d 533, 906, 913. Moreover, a judgment must not be based on any contingency. Drury v. Drury, XXXX-XXXX (La. App. 1st Cir. 8/21/02), 835 So.2d, 538-539. If a judgment based upon a demand for money purports to be final, the amount of the recovery must be stated in the judgment with certainty and precision, and the amount should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. Vanderbrook, 818 So.2d at 913. If the amount remains to be determinable by a future contingency or is otherwise indefinite and uncertain, it is not a valid and proper judgment. Fontelieu v. Fontelieu, 116 La. 866, 881, 41 So. 120, 125 (1906); see also Russo v. Fidelity & Deposit Co., 129 La. 554, 561, 56 So. 506, 508 (1911), and Simon v. Hulse, 12 La. App. 450, 450-451, 124 So. 845, 846 (La. App. 1st Cir. 1929).
The amount ordered to be paid by the Succession in the judgment is not certain. The amount for "the attorney time for the preparation and filing of the Motion to Withdraw" can only be found by reference to an extrinsic source  the statement of services filed along with the petition; and the amount of "the court costs associated with the filing of the Motion to Withdraw" is not contained in the record. Therefore, we remand to the trial court for the limited purpose of amending the judgment to state the amount of recovery with certainty and precision.

DECREE
This matter is remanded to the trial court for the sole purpose of amending the judgment to state the amount awarded to the plaintiffs with certainty and precision. The appeal record is to be supplemented with the reformed judgment, within thirty days of the date of this action, and all assignment of errors will be addressed after the record is supplemented. Costs of this appeal will be assessed after the final determination of the appeal.
REMANDED.