BELSOME, J.,
Concurs in Part and Dissents in Part.
|,1 join in the majority’s opinion as it relates to the reduction of rehabilitative final spousal support, as well as the reversal of the contempt ruling and associated attorneys’ fees. I further join in the majority’s opinion with regard to the child support issues, except in the computation of the child support obligation outside of the child support guidelines.
A trier of fact must determine the basic child support obligation by using the combined adjusted gross income of the parties. La. R.S. 9:315.2(D). Documentation of the parties’ income is essential to the determination of child support. Harris v. Harris, 07-966, p. 4 (La.App. 4 Cir. 2/20/08), 976 So.2d 347, 350 (citing Drury v. Drury, 01-877, p. 8 (La.App. 1 Cir. 8/21/02), 835 So.2d 533, 539). La. R.S. 9:315.2(A) states:
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings.... Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
Here, the record reflects that Mr. Fon-tana was taking monthly draws from his law firm. At trial, on November 27, 2012, public accounting expert, Mr. John | ¡>Maggiore, Jr., CPA, set forth various figures that could be attributed to Mr. Fonta-na’s monthly income pursuant to these draws. For instance, a figure of $29,435.00 was offered as his net monthly income for 2010. For Mr. Fontana’s 2012 income, Mr. Maggiore offered three differ- . ent figures. First, he calculated Mr. Fon-tana’s gross monthly income to be *194 $33,950.00.[1] He then added $2,000.00 extra, for monthly rental income, and a monthly vehicle lease, which was paid by his firm, to reach an additional gross monthly income calculation of $35,950.00. Finally, when provided with additional monthly draw figures, he was able to more accurately assess Mr. Fontana’s annual gross income at $346,399.00 ($28,8866.58 monthly) for 2012.[2] Mr. Maggiore also testified that Mrs. Fontana could expect to receive approximately $10,000.00 per year from an inherited IRA distribution.
While there was ample documentary and testimonial evidence of gross and/or net incomes, none of the figures accurately evidence adjusted gross income; and, it is the adjusted gross that is to be used in determining the basic child support obligation. See La. R.S. 9:315.2(D), supra. The only documents in the record that verified adjusted gross income were the parties’ 2008 and 2009 tax returns. Seeing that the 2009 returns offer the most recent verifiable documentation of the adjusted gross income of the respective parties; the figures from those returns are the most appropriate in determining the basic child support obligation.
Using the 2009 returns, the total combined annual adjusted gross income appears to be $279,795.00. Therefore, the combined monthly adjusted gross income is $23,316.25, which falls within the statutory child support guidelines. Thus, I would reduce Mr. Fontana’s child support obligation for his two children to | ¡¾$3,016.83, in accordance with his proportionate share of the combined monthly adjusted gross income.

. Using the total of monthly draw figures from January through May, $169,752.00, Mr. Maggiore “interpolated” [estimated] a value of $33,950.40 for each of the remaining months, in order establish a gross annual income of $407,405.00 (or $33,950.00 monthly gross).

. On cross examination, Mr. Maggiore was given Mr. Fontana’s monthly draw figures from June through November of 2012.