740 So.2d 205 (1999)
Lisa Smith Munn GUILLOT
v.
Marion Patrick MUNN, Jr.
No. 97 CA 1431.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
Writ Granted November 5, 1999.
*206 W. Michael Stemmans, Baton Rouge, for Appellant Plaintiff Lisa Smith Munn Guillot.
Allen M. Posey, Jr., Baton Rouge, for Appellee Defendant Marion Patrick Munn, Jr.
Before: CARTER, C.J., SHORTESS, FOIL, WHIPPLE and KUHN, JJ.
PER CURIAM.
In this appeal, plaintiff, Lisa Smith Munn Guillot, challenges a judgment of the trial court granting the defendant, Marion Patrick Munn, Jr., a reduction in child support from $640.00 to $474.00 per month, and awarding arrearages together with legal interest. Defendant answered the appeal. On review, we affirm in part, amend in part, and as amended, affirm.

FACTS AND PROCEDURAL HISTORY
Mrs. Guillot and Mr. Munn were divorced by judgment dated October 2, 1991. On November 5, 1993, the parties entered into a stipulated judgment which provided that Mr. Munn would pay Mrs. Guillot $640.00 per month for child support for the two minor children born of their marriage. On June 2, 1994, Mr. Munn filed a rule for decrease in child support, alleging two substantial changes in circumstances as the basis for the modification. A hearing on the rule was held on September 6, 1994, during which the parties stipulated that Mrs. Guillot's day care costs for the children had been reduced from $300.00 per month (the amount used to calculate the original support award) to $90.00 per month. Mr. Munn also asserted that he and his new wife had a child in December, 1993, causing a substantial change in his expenses and warranting a modification.
The trial court found that as a result of those two factors, there had been a substantial change in circumstances sufficient to warrant a recalculation of child support. In recalculating Mr. Munn's support obligation, the trial court gave a credit to Mr. Munn for the support of the child born of his subsequent marriage, subtracting the sum of $446.00 from his monthly income of $2,885.00. The trial court also deviated from the child support guidelines to account for the amount of time the children spend with each parent. By judgment signed October 25, 1994, the court reduced Mr. Munn's child support obligation to $226.00 per month, commencing on September 1, 1994.
Mrs. Guillot appealed, but the trial court's judgment was affirmed by this court in an unpublished opinion dated November 9, 1995. Guillot v. Munn, 95-0546 (La.App. 1 Cir. 11/9/95), 666 So.2d 1351. Mrs. Guillot then sought supervisory writs from the Louisiana Supreme Court, which granted the writ in part. In a per curium opinion dated June 21, 1996, the Supreme Court stated:
The trial court erred in failing to give specific reasons detailing the facts and circumstances warranting a deviation from the child support guidelines. A deviation may be allowed where the application of the guidelines would not be *207 in the best interest of the child or would be inequitable to the parties. La. R.S. 9:315.1(B). Section (C)(2) does allow the trial court to consider, in determining whether to deviate from the guidelines, the legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household. A deviation pursuant to this provision, however, must be supported by an evidentiary basis. In this case, no evidence was introduced as to the expenses incurred in supporting the child born to Mr. Munn's subsequent marriage nor the extent to which his present wife contributes to the support of that child.
Further, the trial court erred in calculating the parties' monthly adjusted gross income. The court reduced Mr. Munn's monthly gross income by $446.00, the guidelines' support obligation for one child based on a monthly income of $2,885.00, as a "credit" for supporting the child born of his subsequent marriage. "Adjusted gross income," as used in the guidelines, means gross income, minus amounts for preexisting child support or spousal support obligations paid to another who is not a party to the proceedings, or on behalf of a child who is not a subject of the action of the court. La. R.S. 9:315. The record reflects that Mr. Munn has no preexisting child support obligation relative to this child.
Guillot v. Munn, 96-0620 (La.6/21/96); 676 So.2d 86. Accordingly, the court granted the writ in part, reversed this court's judgment, vacated the trial court judgment, and remanded the case to the trial court for a recalculation of the child support obligation consistent with its judgment. Otherwise, the writ application was denied.
On remand, the trial court did not receive any additional evidence. On January 24, 1997, it rendered amended reasons for judgment wherein the court recalculated Mr. Munn's support obligation at $474.00 per month. The court also awarded Mrs. Guillot $2,456.00 in arrearages caused by the court's prior miscalculation. On February 12, 1997, the trial court issued second amended reasons for judgment, wherein the court revisited the matter at the request of both parties. It awarded legal interest on the arrearages commencing on the date of the Supreme Court's opinion, June 21, 1996. Further, the court ruled that each party would bear their own costs. Finally, the court specified that the recalculated support obligation of $474.00 would commence on February 1, 1997. The court's findings were later incorporated into a judgment which was signed on March 11, 1997. From that judgment, Mrs. Guillot filed the instant appeal, and Mr. Munn answered the appeal.
Originally, this case was heard before a regular three-judge panel. The members of that panel could not agree on a disposition of the case. Therefore, the present five-judge panel was selected to hear the case. The members of this panel could not agree on a disposition, and on January 14, 1999, handed down a per curiam decision affirming the trial court. From that decision, Mrs. Guillot applied for writs to the Louisiana Supreme Court. The writ was granted and the case was remanded to this court. The Supreme Court stated:
Accordingly, the court of appeal's judgment is vacated in full and this case is remanded to the court of appeal. It is ordered that the panel of that court render judgment, by majority vote, on all issues in the case, whether by single vote, by separate vote on each issue, or by a per curiam of the court with members expressing their concurrence or dissent separately.
Guillot v. Munn, 99-0273 (La.4/23/99); 734 So.2d 613. In compliance with that order, this court hands down this per curiam opinion, with the individual judges attaching their own opinions as to how the case should have been decided, if any desire to do so.
There are five issues in dispute in this case. Each of them will be discussed below, *208 with a statement of the majority view of the panel, which will be the judgment of the court on each issue.

(1) CALCULATION OF CHILD SUPPORT OBLIGATION
On remand, the trial court recalculated the child support obligation as follows. It used the entire amount of Mr. Munn's gross income of $2,885.00, rather than reducing that amount by a credit of $446.00 for the maintenance and support of the child born of his subsequent marriage. Mrs. Guillot's income was fixed at $2,046.00, which results in a combined gross income of $4,931.00. Extrapolating from the guidelines, the basic child support obligation is $1,068.00. To that figure, the court added $90.00 for the costs of child care, for a net child support obligation of $1,158.00. Since Mr. Munn contributes 58.5% to the combined gross income, the court calculated his share of the net child support obligation to be $677.50. However, the court decided to deviate from the guidelines to allow Mr. Munn a credit based on his time spent with the children. The court found that Mr. Munn has the children 37% of the time and thus incurred additional expenses. Therefore, the court reduced Mr. Munn's child support obligation by 30%, or $203.50, leaving a balance of $474.00. The court ordered the payment of that amount in two equal installments of $237.00 on the 1st and 15th of each month.
On appeal, Mrs. Guillot asserts that the trial court erred in reducing the child support obligation based upon the time the children spend with their father.
A majority of this panel votes to affirm the trial court's calculation of the child support obligation in the amount of $474.00 per month. Therefore, the trial court judgment is affirmed on this matter.

(2) EFFECTIVE DATE OF CHILD SUPPORT OBLIGATION
The trial court ruled that the recalculated child support obligation of $474.00 would commence on February 1, 1997, approximately the time of the final trial court judgment. Mrs. Guillot argues that the court erred in not commencing the recalculated amount on June 2, 1994, the date Mr. Munn filed the rule for reduction. Mr. Munn argues that it was within the trial court's discretion to set the date of commencement of the new support amount on February 1, 1997.
A majority of this panel votes to affirm the trial court's ruling that the recalculated child support obligation would commence on February 1, 1997. Therefore, the trial court judgment is affirmed on this matter.

(3) ARREARAGES
In its amended reasons for judgment, the trial court awarded arrearages due to its previous miscalculation of the support award. In its earlier calculation, the court allowed Mr. Munn a 37% reduction of his support obligation based on his having the children 37% of the time. Thus, the court subtracted $184.00 from the support obligation amount of $497.72. The court made an error in subtraction though, arriving at the sum of $226.00, rather than the correct figure of $313.72a difference of $87.72. The court granted arrearages from the date of its original judgment, September 30, 1994, through January of 1997, for a total of 28 months. Multiplying 28 by $87.72, the court awarded arrearages in the amount of $2,456.00.
Mrs. Guillot asserts that the trial court erred in awarding arrearages in the amount of $2,456.00 instead of $6,944.00. Mr. Munn contends that there was no error in the court's calculation of arrearages.
A majority of this panel finds error in the trial court's calculation of the amount of arrearages owed. This majority holds that the proper amount of arrearages is calculated by subtracting the previous support award of $226.00 from the recalculated *209 support award of $474.00, leaving a difference of $248.00 per month, and multiplying this amount by 28 months, resulting in a total amount of $6,944.00, less any sums Mr. Munn paid in excess of the recalculated support amount between the date of judicial demand and the date of the trial court's original judgment. Therefore, the trial court judgment is amended on this matter to reflect the amount of $6,944.00 owed in arrearages, less any sums paid by Mr. Munn in excess of $474.00 per month between the date of judicial demand, June 2, 1994, and the date of the trial court's original judgment, September 30, 1994.

(4) INTEREST
The trial court awarded legal interest on the arrearages commencing on the date of the Supreme Court's per curiam opinion, June 21, 1996. Mrs. Guillot claims that the trial court erred in awarding interest on the arrearages from June 21, 1996, rather than from the time each monthly deficit became due. Mr. Munn notes that this case does not involve the failure to pay child support. As such, he contends that no interest should accrue until a final determination of child support is made. Alternatively, he asserts the trial court had the discretion to choose a "compromise date" (the date of the Supreme Court's per curiam opinion) in an effort to be fair and equitable to both parties.
A majority of this court finds error in the trial court's award of legal interest from June 21, 1996. This majority holds that interest should accrue from the date that each monthly payment became due. Therefore, the trial court's judgment is amended on this matter to reflect that legal interest on the arrearages shall be calculated on those sums from the date that each payment became due.

(5) COSTS
Finally, the trial court ordered that each party would bear their own costs of the appeal of this matter. Mrs. Guillot asserts that the court erred in this regard.
A majority of this panel votes to affirm the trial court's assessment of costs one-half to each party. Therefore, the trial court judgment is affirmed on this matter.

DECREE
For the foregoing reasons, we affirm the portion of the trial court's judgment setting the child support obligation of Mr. Munn at $474.00 per month. We affirm that portion of the trial court's judgment providing that the recalculated child support obligation shall commence on February 1, 1997. We amend that portion of the trial court's judgment awarding arrearages to reflect that Mrs. Guillot is entitled to arrearages in the amount of $6,944.00, less any sums paid by Mr. Munn in excess of $474.00 per month between the date of judicial demand, June 2, 1994, and the date of the trial court's original judgment, September 30, 1994. We amend that portion of the trial court's judgment awarding legal interest on the arrearages to reflect that said interest shall be calculated on those sums from the date that each payment became due. We affirm the portion of the trial court's judgment that ordered each party to bear their own costs of the prior appeal. Likewise, we assess the costs of this appeal one-half to each party.
AFFIRMED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.
WHIPPLE, J., dissents in part and concurs in part.
WHIPPLE, J., dissenting in part and concurring in part.
I again dissent from the majority's affirmance of the trial court's reduction of Mr. Munn's child support obligation. When the Supreme Court granted plaintiffs writ application in the first appeal, it noted that a deviation from the child support guidelines may be allowed when an application of the guidelines would not be in the best *210 interest of the child or would be inequitable to the parties and held that the trial court had "erred in failing to give specific reasons detailing the facts and circumstances warranting a deviation from the child support guidelines."
Once again, the trial court has failed to give adequate reasons to justify its action herein. On remand, the trial court did not receive any additional evidence. It merely reduced Mr. Munn's child support obligation by 30% on the finding that he has the children 37% of the time and, thus, is "incurring additional expenses." However, there is absolutely no evidence of record to support that finding. Mr. Munn did not offer any evidence to demonstrate the expenses he incurs while his children are with him.
The child support guidelines were written with the obvious understanding that there would be some sharing of physical custody between the parents. Additionally, while LSA-R.S. 9:315.8(E) requires the court to consider the period of time spent with the non-domiciliary parent as a basis for adjustment of the child support obligation, it also requires the court to include in such consideration the continuing expenses of the domiciliary party. The trial court's reasons do not indicate that it gave any consideration to Mrs. Guillot's continuing expenses. Reliance on the lack of evidence of her continuing expenses as a basis to affirm the trial court's adjustment incorrectly shifts the burden to Mrs. Guillot. Mr. Munn is seeking a change and has offered no evidence of increased expenses due to the time he spends with the children. Thus, I believe he again failed to establish his entitlement to a reduction in his child support obligation.
Likewise, I disagree with the assessment of costs against Mrs. Guillot. I note that it was Mr. Munn, not Mrs. Guillot, who initiated this proceeding to reduce his child support obligation. Additionally, as stated above, I do not believe he carried his burden of proof.
Nonetheless, given that a majority has voted to affirm the child support reduction, the majority's treatment of the remaining issues is legally correct.
For these reasons, I respectfully dissent in part and concur in part.