815 So.2d 236 (2002)
Marion EDWARDS
v.
Ernest Joseph DOMINICK.
No. 01-CA-1245.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 2002.
*237 Suzette Marie Smith, Dutel & Tranchina, Metairie, LA, for Marion Edwards, Plaintiff-Appellee.
R.A. Osborn, Jr., R.A. Osborn, III, Gretna, LA, for Ernest Joseph Dominick, Defendant-Appellant.
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
ROTHSCHILD, Judge.
Plaintiff, Marion Edwards, filed this Petition to Establish Paternity and Child Support Obligation against Ernest Joseph Dominick seeking filiation and an award of child support for the minor child, Genevieve Edwards. The trial court rendered judgment awarding child support and ordering the payment of arrearages and attorney's fees incurred in connection with this litigation. Mr. Dominick has devolutively appealed from this judgment, and Ms. Edwards answered the appeal. For the reasons stated more fully herein, we amend and affirm the judgment of the trial court.

Facts and Procedural History
Marion Edwards is a resident and citizen of the Republic of South Africa. In 1992, Ernest Dominick, a welder employed in Africa by a United States corporation, engaged in a relationship with Ms. Edwards. Prior to his departure from Africa, Ms. Edwards informed Mr. Dominick that she was pregnant with his child. The child was born in South Africa in January of 1993, and Ms. Edwards filed the present suit in district court in Jefferson Parish in May of 1996 based on Mr. Dominick's residence there. Defendant responded with an Exception of Improper Service of Process, which the trial court denied. Defendant then filed an answer generally denying the allegations of the petition, except to admit that he was present in South Africa in 1992 and that he had a relationship with Ms. Edwards. Defendant also filed an Exception of No Right of Action on the basis that all occurrences took place in South Africa and that Louisiana law therefore did not apply. The trial court denied this exception by judgment dated October 27, 1997.
On January 26, 1998, the parties stipulated to the collection of blood samples to determine paternity. The testing on Mr. Dominick was performed at a laboratory in New Orleans, Louisiana, and blood samples from Ms. Edwards and the minor child were sent to the same lab from South Africa. The results of the testing are contained in the record and indicate that Ernest Dominick is not excluded as the biological father of Genevieve Edwards, and that the probability of paternity is 99.92%.
On February 12, 1999, by joint motion and order, the merits of the cases were submitted to the trial court on memoranda in lieu of a trial. By judgment dated January 16, 2001, the trial court rendered an order of child support against Mr. Dominick in the amount of $691.00 monthly. *238 The judgment also included an award of child support retroactive to the date the petition was filed and an award of attorney's fees and costs incurred in connection with this litigation.

Applicability of Louisiana law
By his first assignment of error, Mr. Dominick contends that the trial court erred in denying his exception of no right of action urged on the basis that Louisiana law does not govern support for a child conceived, born and living in another country. Appellant relies on La. C.C. art. 3515[1] which governs the applicable law in a case involving contacts with other states. Mr. Dominick argues that South African law was the correct law to be applied, and that the trial court erred in applying Louisiana law. Appellant also contends that the proper jurisdiction and venue for this action is in the Republic of South Africa.
However, the record shows that appellant failed to present any evidence as to the substance or context of African law, or whether such laws are in conflict with Louisiana law. At the time the exception of no right of action was under consideration by the trial court Mr. Dominick did not establish the African law governing an action to set a child support obligation. Where the law of another state is not established, it may be presumed that the law of that state is the same as the existing law of Louisiana. Lepard v. Lepard, 31351 (La.App. 2 Cir. 12/9/98), 722 So.2d 367, 370-71. Thus, we conclude that the trial court's choice of law in this case was appropriate.
With regard to appellant's arguments on jurisdiction and venue, we find that appellant failed to advance these claims in a declinatory exception as required by La. C.C.P. art. 925. Nonetheless, absent any offer of proof, we fail to find any support in the record for appellant's position that jurisdiction for this petition should be in the Republic of South Africa. Although we recognize that the act of conception occurred in South Africa, and the child and her mother have continuously resided there, there has been no showing that court in the Republic of South Africa could exercise jurisdiction over this defendant who is domiciled in Louisiana.
Conversely, the trial court has subject matter jurisdiction over this claim for child support and paternity. La. C.C.P. art. 2. Further, personal jurisdiction over the defendant exists by virtue of domiciliary service of process and defendant's residence in Jefferson Parish. La. C.C.P. art. 6. We conclude that under the circumstances of this case, the Louisiana district court had the power and authority to exercise jurisdiction over the petition filed by plaintiff in this case.

The award of child support
The next issue presented for our review concerns the award of child support set by the trial court. The trial court calculated the appellant's child support obligation based on the guidelines set forth in La. R.S. 9:315, et seq., and particularly the *239 schedule contained in La. R.S. 9:315.19. The court concluded that based on the combined adjusted gross income of both parties, appellant's support obligation was $691.00 per month.
Appellant contends that the trial court erred in failing to deviate from the guidelines in setting child support set forth by the statute. By her answer to the appeal, Ms. Edwards contends the amount of child support set by the court is too low.
La. R.S. 9:315.1 provides in part as follows:
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
Appellant contends that the facts of this case support a deviation from the guidelines. Appellant argues that a mechanical application of the Louisiana guidelines for a child living in South Africa is inequitable to him, based on the differences in the standard of living between Louisiana and South Africa. However, appellant failed to introduce any type of evidence to support his position. Although Mr. Dominick argues that Ms. Edwards receives the equivalent of $175.00 per month for the support of another child and that prior to the filing of this suit, Ms. Edwards requested support for Genevieve in the amount of $50.00 per month, there is nothing in the record to indicate that these amounts are adequate for the support of these children based on the standard of living in South Africa. Moreover, appellant has failed to cite any Louisiana law to support his argument that the standard of living in the place where the minor child resides is a relevant factor in determination of the child support obligation.
Under the circumstances presented herein, we conclude that Mr. Dominick has failed to meet his burden of rebutting the presumption that the amount of child support specified in the guidelines is the proper amount of support. There is no indication from the record before us that the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties as specified by La. R.S. 9:315.1(A).
Further, we fail to find that the amount set by the trial court is too low. Although Ms. Edwards contends that the trial court failed to factor in costs such as health insurance and schooling, we find that based on the deposition testimony in the record, the amount awarded is more than sufficient to cover these costs, including the cost of health insurance and private school tuition. Thus, we find no error of the trial court in setting the amount of child support obligation in this case and we will not disturb this award.

Arrearages
Ms. Edwards next contends that the trial court erred in allowing Mr. Dominick *240 to pay the child support arrearage accrued from the date of demand in monthly installments of $200.00. Ms. Edwards argues that defendant should have been ordered to pay the entire amount of the arrearage in a lump sum, relying on the provisions of La. C.C.P. art. 3946(A). That article provides:
When a payment of support under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due support determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of the past due support.
However, this article requires that a judgment of support be in arrears before a party may proceed by contradictory motion to have the amount made executory and paid in full. In this case, there was no prior judgment of support which was in arrears, and this article is therefore inapplicable to the facts of this case. Likewise, in the case relied upon by plaintiff, State v. Duvigneaud, 99-2759 (La.App. 4 Cir. 5/3/00), 763 So.2d 723, the amount of past due support had been made executory pursuant to the provisions of La. C.C.P. art. 3946. In the present case, there was no prior judgment against this defendant, and the arrearages ordered by the trial court were not made executory. The case cited by plaintiff is not controlling.
The trial court's judgment essentially provides that the child support obligation set by the trial court is retroactive to the date of judicial demand, as provided for by La. R.S. 9:315.21. We find no error of the trial court in ordering that this retroactive amount be paid by defendant in monthly installments. See, Guillot v. Munn, 97-1431 (La.App. 1 Cir. 6/25/99), 740 So.2d 205, 209, writ granted, 99-2132 (La.11/5/99), 750 So.2d 973, and reversed in part on other grounds, 99-2132 (La.3/24/00), 756 So.2d 290.

Attorney's fees and costs
Ms. Edwards next argues that the trial court erred in setting the award of attorney's fees too low, and in failing to tax all costs to Mr. Dominick. The trial court in its judgment awarded an amount of $5,000.00 in attorney's fees and costs to Ms. Edwards in connection with this litigation. Louisiana Revised Statute 9:398.1 provides that "[w]hen a court renders judgment in favor of a party seeking to establish paternity, it shall, except for good cause shown, award attorney's fees costs [sic] to the prevailing party." However, attorney's fees for the collection of child support are not recoverable; the trial court can only assess attorney's fees for work performed on a rule to accumulate the past due child support. La.R.S. 9:375. Further, the trial court has great discretion in calculating an award of attorney's fees. Fuge v. Uiterwyk, 97-1252 (La.App. 4 Cir. 3/25/98), 709 So.2d 357, 359, writ denied, 98-1099 (La.6/5/98), 720 So.2d 1205.
In this case, attorney's fees are only recoverable for counsel's efforts in establishing paternity, not for the collection of child support. Although defendant initially denied paternity, the record shows that defendant voluntarily submitted to blood testing and did not challenge the results. Further, unlike the case relied upon by Ms. Edwards, we find that defendant did not unreasonably delay the proceedings in this case. In addition, as both parties agreed to submit the matter to the trial court on memoranda, no trial was held in this matter. Under these circumstances, the trial court's award of $5,000 for attorney's fees and costs is reasonable. We therefore find no abuse of *241 the trial court's discretion in its award of attorney's fees and costs in this matter.

Declaration of Paternity
Finally, by her answer to the appeal, Ms. Edwards contends that the trial court erred in failing to include in its judgment an order declaring appellant to be the father of the minor child. We agree.
The issue of paternity was placed before the court by the original petition filed by plaintiff seeking a judgment of filiation. Although Mr. Dominick first contested the issue of paternity, he subsequently submitted to blood testing to determine this issue. The written report of results of the blood testing were placed in the record and certified by the lab director in accordance with La. R.S. 9:397.3. No challenge was made by appellant of the testing procedure.
Further, the record contains the deposition testimony of Mr. Dominick who admitted to a sexual relationship with plaintiff during the period of conception, as well as the deposition testimony of plaintiff who stated she only engaged in intercourse with Mr. Dominick during this time period. When the matter was submitted to the trial court on memoranda of the parties, counsel for Mr. Dominick stated that the issue of paternity had been resolved and was no longer before the court. In addition, in appellant's brief filed in this Court, he states that following the results of the blood testing, he "accepted the status of the child's biological father."
In rendering a judgment of child support, the trial court apparently made a factual finding of defendant's paternity of this child, although such a declaration was not specifically included in the judgment. In this case, where there is a high paternity index as indicated by the DNA testing, and an admission of sexual relations by the defendant with the plaintiff and the testimony of plaintiff that she had sexual intercourse with only the defendant during the period surrounding the conception, we find that plaintiff satisfied her burden of proving paternity. La. C.C. art. 209(A). The judgment of the trial court is in error for failing to make a specific declaration of paternity in this case.

Conclusion
Accordingly, we amend the trial court's judgment to include an order that Ernest Joseph Dominick is declared to be the biological father of the minor child, Genevieve Edwards. In all other respects, the judgment of the trial court is affirmed. Each party shall bear its own costs of this appeal.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Art. 3515. Determination of the applicable law; general and residual rule

Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.